Filed 6/13/13  In re Marlon R. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MARLON R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARLON R.,<br><br>Defendant and Appellant. | F065757<br><br>(Super. Ct. No. 10JQ0169)<br><br>**OPINION** |

APPEAL from an order of the Superior Court of Kings County.  George L. Orndoff, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon, Carlos A. Martinez and Kevin L. Quade, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION AND FACTS

While serving a commitment at the Kings County Juvenile Academy, appellant repeatedly punched another minor. When a correctional officer intervened, appellant hit the officer.

A juvenile wardship petition (Welf. & Inst. Code, § 602) was filed charging appellant with battery on a custodial officer and simple battery. (Pen. Code, §§ 243, subd. (b), 242.) He admitted both allegations. Appellant was continued as a ward of the court and committed to the Kings County Juvenile Academy Impact Program for 180 days. He was placed under the supervision of the Kings County Probation Office and ordered to comply with specified probation conditions, including a prohibition against possession of gang related clothing, paraphernalia, graffiti and "marker pens" (probation condition No. 19). The court ordered "[t]he minor and parent" to pay a $50 fine, a $50 state restitution fine, $350 for court appointed legal counsel and $25 per day detention costs. Appellant was awarded six days of predisposition custody credit.

Appellant raises several challenges to the dispositional order, arguing: (1) probation condition No. 19 is unconstitutionally vague and overbroad; (2) the court erred by holding him personally liable for detention costs and appointed counsel fees; and (3) he is entitled to additional predisposition custody credits. All of these arguments are persuasive. We reject appellant's ineffective assistance claim and decline to extend *People v. High* (2004) 119 Cal.App.4th 1192 (*High*) to juvenile delinquency cases. The dispositional order will be modified to amend probation condition No. 19, strike the imposition of personal liability on the minor for appointed counsel fees and detention costs and award 14 days of predisposition custody credit. As so modified, the detention order will be affirmed.

## DISCUSSION

### I. Probation Condition No. 19 Must Be Modified.

Appellant challenges the constitutionality of probation condition No. 19 on grounds of overbreadth and vagueness. We agree that modification of the condition is necessary to correct constitutional deficiencies.

#### A. Facts.

As a condition of probation, the juvenile court prohibited appellant from wearing or possessing gang clothing, paraphernalia and graffiti. He was prohibited from associating with known criminal gang members as identified to him by the probation officer. He was also prohibited from possessing spray paint, "marker pens" and "etches devices." This condition is included in the disposition order as probation condition No. 19, which provides:

> "Minor is not to possess spray paint, marking pens, or etching devices. Minor not to have in his possession any criminal gang clothing, paraphernalia, or graffiti. Minor is not to associate with any known criminal gang members as identified by the probation officer."

#### B. Applicable legal principles.

Although appellant did not object to probation condition No. 19 during the dispositional hearing his constitutional challenge is cognizable. The forfeiture rule announced in *People v. Welch* (1993) 5 Cal.4th 228, does "not extend to a facial challenge to the terms of a probation condition on constitutional grounds of vagueness and overbreadth." (*In re Sheena K.* (2007) 40 Cal.4th 875, 887, fn. 7 (*Sheena K.*).)

The juvenile court is granted wide discretion in formulating terms of juvenile probation. (*Sheena K., supra*, 40 Cal.4th at p. 889.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids

3.

conduct which is not reasonably related to future criminality .…' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted.)

"'[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court….'" (*Sheena K., supra*, 40 Cal.4th at p. 889.) "'"'Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile ….'"'" [Citation.]" (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Yet, "the juvenile court's discretion is not boundless. Under the void for vagueness doctrine, based on the due process concept of fair warning, an order '"must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated."' [Citation.]... [¶] In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation. [Citations.]" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910.)

"Generally, we review the court's imposition of a probation condition for an abuse of discretion. [Citations.] However, we review constitutional challenges to a probation condition de novo. [Citation.]" (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

### C.     An express knowledge requirement must be added.

Appellant argues the language in probation condition No. 19 prohibiting possession or wearing of "any criminal gang clothing, paraphernalia or graffiti" is unconstitutionally overbroad because he might not know that an article of clothing, item of paraphernalia or graffiti marking is gang related. We agree. This language is overbroad because it prohibits appellant from wearing clothing, possessing items and displaying symbols that he might not personally know are gang related and which have

not been identified to him as being gang related by a probation officer or law enforcement officer.

In *People v. Lopez* (1998) 66 Cal.App.4th 615, this court found the language contained in a probation condition prohibiting association with gang members and wearing of gang related clothing to "suffer[] from constitutionally fatal overbreadth" because it prohibited the defendant from associating with persons not known to him to be gang members and from displaying indicia not known to him to be gang related. (*Id*. at p. 628.) We modified the condition to include a knowledge requirement such that it applied "only to displays of symbols known by Lopez to have a gang connotation." (*Id*. at p. 629.)

"Since *Lopez*, it has become established that a probation condition prohibiting association with a type of person must include knowledge of the person's status." (*People v. Kim* (2011) 193 Cal.App.4th 836, 844.) A knowledge requirement has been extended to probation conditions restricting display of gang signs and insignia. (*Ibid*.) "[A]n express knowledge requirement is reasonable and necessary." (*Id*. at p. 845.) Absent an explicit knowledge requirement, the minor is left "vulnerable to criminal punishment for possessing paraphernalia that he did not know was associated with gangs." (*People v. Leon* (2010) 181 Cal.App.4th 943, 951.) In several cases, the appellate courts modified probation conditions restricting the wearing of gang related clothing and display of gang insignia to items that the minor either personally knows to be gang related or that the probation officer has informed the minor are gang related. (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 247-248; *People v. Leon, supra*, 181 Cal.App.4th at p. 954; *In re Shaun R*., *supra*, 188 Cal.App.4th at p. 1145.)

Following and applying these authorities, we conclude that the prohibition against possession of gang related items is overbroad and must be modified to add an express

knowledge requirement.[1]  This portion of probation condition No. 19 will be modified to read:  "Minor is not to wear or possess any item of clothing, paraphernalia or graffiti that the minor knows is gang related or has been identified to him as being gang related by a probation officer or law enforcement officer.  Minor is not to associate with any known criminal gang members as identified to him by a probation officer or law enforcement officer."

**D.     The terms "marker pens" and "marking pens" must be modified to "felt tip markers."**

Probation condition No. 19 also prohibits possession of "marker pens" (as orally pronounced) or "marking pens" (dispositional order).  Appellant argues that the term "marker pens" is unconstitutionally vague.  We agree.  The probation condition must be modified to prohibit possession of felt tip markers.

Penal Code section 594.2, subdivision (a) prohibits possession of, inter alia, spray paint, felt tip markers and carbide scribes with the intent to commit vandalism or graffiti.  The term felt tip marker is defined in this section as "any broad-tipped marker pen with a tip exceeding three-eighths of one inch in width, or any similar implement containing an ink that is not water soluble."  (§ 594.2, subd. (c)(1).)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  [Citation.]"  (*Sheena K., supra*, 40 Cal.4th at p. 890.)  Probation conditions "'must be sufficiently precise for the probationer to know what is required of him, and for

---

**1**     Further, we note that the absence of a knowledge requirement also rendered this aspect of probation condition No. 19 unconstitutionally vague.  In *Sheena K., supra,* 40 Cal.4th 875, our Supreme Court held that a probation condition forbidding the minor from associating with anyone disapproved of by probation was unconstitutionally vague because it lacked "an express requirement of knowledge."  (*Id.* at p. 891.)  It upheld the modification made by the Court of Appeal to add "the qualification that defendant have knowledge of who was disapproved of by her probation officer."  (*Id.* at p. 892.)

the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid*.)

The terms "marking pens" and "marker pens" are not sufficiently precise to provide the required notice. All pens make marks. Consequently, the terms "marking pens" and "marker pens" encompass all pens. It is unclear which pens appellant is forbidden from possessing. Certain types of pens are necessary to complete school assignments and for general daily use. Considered in context and reasonably read, it is apparent that the juvenile court intended to prohibit appellant from possessing felt tip markers that can be used to apply graffiti, not every pen that is capable of making a mark. The term "felt tip markers" is defined in Penal Code section 594.2, subdivision (c)(1) and is not vague. Therefore, we will modify this portion of probation condition No. 19 to read: "Minor is not to possess spray paint, felt tip pens, or etching devices."

## II. Appellant Is Entitled To 14 Days of Predisposition Custody Credit.

### A. Facts.

Appellant's current offense occurred while he was serving a 180-day commitment at the King County Juvenile Academy Impact program. The disposition hearing on the prior commitment was held on April 30, 2012; he was awarded 82 days of predisposition custody credit.

The dispositional hearing in this case was held on August 20, 2012. Defense counsel stated that appellant had not completed his prior commitment and "had a previous release date of August 14th, 2012." Defense counsel asked for 21 days of custody credit.

The court ruled: "I am probably going to give him six days credit on this one because … in fairness if this was the only thing would that have would have changed his release date that would've been double punishment on [this] one .…"

The prosecutor said that he "agree[d] with the Court."

7.

**B. The credit award was based on an incorrect release date.**

"Although the juvenile court's decisions regarding confinement are reviewed for abuse of discretion [citation], a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing. [Citations.] It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty. [Citations.]" (*In re Emilio C.* (2004) 116 Cal.App.4th 1058, 1067.)

The parties agree that when the original 180 day commitment was imposed on April 30, 2012, appellant had 98 actual days left to serve. Thus, appellant's scheduled release date was August 6, 2012, not August 14, 2012. The juvenile court erred by relying on defense counsel's incorrect factual representation concerning appellant's release date.

Appellant is entitled to predisposition custody credit in this case from August 6, 2012 to August 20, 2012. This is a period of 14 days.[2] The proper remedy is to modify the disposition order to reflect 14 days of predisposition custody credit. (*In re Eric J.* (1979) 25 Cal.3d 522, 538.)

**III. Appellant Is Not Personally Liable For Detention Costs And Legal Fees.**

The juvenile court ordered "[t]he minor and parent" to pay a $50 fine, a $50 state restitution fine, $350 for court appointed legal counsel and $25 per day detention costs.

Appellant argues that the court erred by holding him personally liable for detention costs and appointed counsel fees. Respondent concedes this point and we accept the concession as properly made.

Although defense counsel did not object during the dispositional hearing to imposition of personal liability on appellant for detention costs and appointed counsel

---

[2] Appellant incorrectly calculates this period as 15 days.

8.

fees, the point was not forfeited.  "The imposition of a sentence not statutorily authorized is jurisdictional error that is subject to correction whenever it comes to a court's attention."  (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1519.)[3]

Welfare and Institutions Code sections 903 and 903.1 concern liability for a minor's detention costs and appointed counsel fees.  Section 903, subdivision (a) provides that "[t]he father, mother, spouse, or other person liable for the support of a minor, the estate of that person, and the estate of the minor" shall be liable for detention costs.  Section 903.1, subdivision (a) contains an identical list of individuals and legal entities that can be held liable for court appointed counsel fees.  Neither section 903 nor section 903.1 authorizes imposition of personal liability on the minor for detention costs or appointed counsel fees.  There is no evidence that the minor before us possesses an estate.  Therefore, the proper remedy is to strike the portion of the dispositional order holding the minor personally liable for detention costs and appointed counsel fees.

## IV.    Remand Is Not Required.

Relying exclusively on *High, supra,* 119 Cal.App.4th 1192, appellant contends the juvenile court erred by failing to state on the record the statutory basis for all fines, fees, costs and financial penalties and the case must be remanded for this limited purpose.  Respondent concedes the point but we reject its concession as improperly made.  As will be explained, appellant has not provided any reason to extend *High*'s holding to juvenile delinquency cases and we discern no compelling basis to do so.  The juvenile court's error, if any, is harmless beyond a reasonable doubt.

In *High, supra*, 119 Cal.App.4th 1192, the Third Appellate District remanded an adult criminal case to the sentencing court with orders to set forth on the record a detailed

---

[3]    Our determination that this aspect of the disposition order is unauthorized and may be corrected at any time moots appellant's argument that defense counsel was ineffective because he did not object on this ground below.

recitation of the statutory basis for all fees, fines and financial penalties and to prepare an amended abstract of judgment setting forth every fee, fine and penalty. (*Id*. at pp. 1200-1201.) It reasoned that the abstract was used by the Department of Corrections and Rehabilitation to "fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency." (*Id*. at p. 1200.) Also, "[a]t a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts." (*Ibid*.)

In this matter, appellant was granted probation in a juvenile delinquency proceeding and there is no abstract of judgment. Thus, *High* is factually inapposite. No published authorities have extended to juvenile delinquency cases *High's* requirement that the statutory basis for every financial penalty must be set forth by the trial court on the record. Appellant did not provide any reasoned argument or citation to authority supporting his assertion that *High* applies in this case. Also, appellant did not argue that he was prejudiced by the juvenile court's failure to set forth on the record the statutory basis for all fees, fines, costs and other financial penalties. We do not discern any compelling reason to expand *High*'s judicially created rule to juvenile delinquency cases. In the absence of binding authority directing otherwise, we decline to do so.

## V. The Ineffective Assistance Of Counsel Claim Fails For Lack Of Prejudice.

Appellant argues that defense counsel was ineffective because he did not object to imposition of a $50 fine without a finding of ability to pay as required under Welfare and Institutions Code section 730.5. We reject this contention for lack of prejudice.

To prevail on an ineffective assistance claim, appellant bears the burden of showing both deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of a more favorable outcome. (*People v. Hernandez* (2004) 33 Cal.4th 1040, 1052-1053.) When an ineffective assistance claim can be resolved solely on the basis of lack of prejudice, it is

unnecessary to determine whether counsel's performance was objectively deficient. (*In re Jackson* (1992) 3 Cal.4th 578, 604.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington* (1984) 466 U.S. 668, 697.)

This is such a case. We have carefully examined the record and conclude that appellant has not demonstrated any prejudice resulting from defense counsel's failure to object to the absence of an ability to pay finding. Appellant did not show that he was unable to pay the contested $50 fine. On the contrary, the record supports an implied finding that appellant possessed an ability to pay this fine. Appellant has not set forth any reason why he could not earn $50. The amount of the fine is minimal. He is physically and mentally capable of part-time employment. He was 16 years old at the time of the dispositional hearing. His mother reported to the probation officer that he does not have any "physical disabilities, mental health issues, and is not currently prescribed any medication."[4] He earns passing grades in high school courses and does not have any disciplinary issues at school.

For this reason, we hold that appellant has not demonstrated a reasonable probability of a more favorable outcome or shown that the failure to object to the absence of an ability to pay finding rendered the proceeding fundamentally unfair. The ineffective assistance claim fails for lack of prejudice.

### DISPOSITION

The disposition order filed on August 20, 2012, is modified, as follows: (1) the imposition of personal liability on appellant for $350 in appointed counsel fees and $25 per day in detention/commitment costs is stricken; (2) appellant is awarded 14 days of

---

[4] We agree with respondent that appellant's receipt of Medi-Cal health benefits is not proof of illness or disability.

11.

predisposition custody credit; (3) probation condition No. 19 is amended to read: "Minor is not to possess spray paint, felt tip pens, or etching devices. Minor is not to wear or possess any item of clothing, paraphernalia or graffiti that the minor knows is gang related or has been identified to him as being gang related by a probation officer or law enforcement officer. Minor is not to associate with any known criminal gang members as identified to him by a probation officer or law enforcement officer." As so modified, the disposition order is affirmed. The superior court is directed to prepare an amended order reflecting these modifications and to transmit a certified copy of it to the parties and appropriate agencies.

_____
LEVY, J.

WE CONCUR:

_____
WISEMAN, Acting P.J.

_____
KANE, J.

12.