[No. H034066. Sixth Dist. Feb. 2, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH RUDY LEON, Defendant and Appellant.

**COUNSEL**

Elisa Nadeau, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, René A. Chacón and Arthur Beever, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BAMATTRE-MANOUKIAN, Acting P. J.—**

## I. INTRODUCTION

As part of a negotiated plea agreement, defendant Joseph Rudy Leon pleaded no contest to possession for sale of cocaine (Health & Saf. Code, § 11351), and admitted a criminal street gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(A)). Defendant also pleaded no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378), and possession for sale of marijuana (Health & Saf. Code, § 11359). Defendant was placed on three years' formal probation subject to various terms and conditions, including eight months in county jail, as well as gang-related conditions.

On appeal, defendant contends that various conditions of his probation violate his constitutional rights. He argues that the condition of probation prohibiting him from associating with gang members violates his federal due process rights because it is unconstitutionally vague. He argues that the condition of probation prohibiting him from possessing gang paraphernalia violates his federal due process rights because it is vague and overbroad. He also contends that the condition of probation prohibiting him from frequenting areas of gang-related activity is unconstitutionally vague. Finally, defendant argues that the condition of probation prohibiting him from appearing at any court proceeding unless he is a party or subpoenaed witness is an unconstitutional impingement on his First Amendment guarantee of access to court proceedings.

For reasons that we will explain, we determine that most of defendant's contentions have merit. Therefore, we will modify various conditions of defendant's probation and affirm the judgment as so modified.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As defendant was convicted by plea, the summary of his offenses is taken from the probation report.

Around midnight on December 29, 2008, San Jose police officers went to defendant's residence to check on a possible domestic violence victim. While on their way, the officers received information that defendant may have a handgun. The suspected victim, 19-year-old Angela Raquel Rosas, was on juvenile probation, with a search/seizure clause and gang conditions. When the officers arrived at the residence, they immediately took defendant into custody. The officers asked defendant's father if Rosas was at the residence. He told them that she was upstairs in a bedroom.

As the officers entered the bedroom, they saw a large red flag with a Huelga bird hanging on the wall above the bed. The officers also noticed a strong marijuana odor in the bedroom closet. Inside the closet were several small plastic baggies. Next to Rosas were several plastic baggies, several folded stacks of money totaling several hundred dollars, a "pay/owe" notebook, a scale with white powder residue, a calculator, money orders, money order stubs, and plastic baggies containing marijuana, cocaine, and methamphetamine. Defendant also had messages on his cell phone regarding narcotics sales and a small baggie containing cocaine in his left sock.

Defendant and Rosas were charged by felony complaint filed December 31, 2008, with possession for sale of cocaine (Health and Saf. Code, § 11351; count 1), possession for sale of methamphetamine (Health and Saf. Code, § 11378; count 2), and possession for sale of marijuana (Health and Saf. Code, § 11359; count 3). Thereafter, defendant entered into a negotiated plea agreement, allowing him to avoid serving time in prison in exchange for pleading no contest to the charges and admitting a criminal street gang enhancement as to count 1. (Pen. Code, § 186.22, subd. (b)(1)(A).) On January 30, 2009, defendant pleaded no contest to possession for sale of cocaine (Health & Saf. Code, § 11351), and admitted the gang enhancement (Pen. Code, § 186.22, subd. (b)(1)(A)). Defendant also pleaded no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378), and possession for sale of marijuana (Health & Saf. Code, § 11359). On motion of the prosecutor, Rosas's charges were dismissed based on insufficient evidence and defendant's pleas and admissions.

On March 24, 2009, the court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including an eight-month jail term. The court also ordered: "No insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other

article of clothing which is evidence of affiliation with or membership in a gang. No association with gang members. You're not to frequent any areas of gang-related activity. You shall not be adjacent to any school campus during school hours unless you're enrolled or with prior permission of the school administration or probation. You shall not appear at any court proceeding unless you're a party, you're a defendant in a criminal action, subpoenaed as a witness, or with permission of probation. All these orders are as directed and supervised by probation."

## III. DISCUSSION

Defendant challenges various gang conditions of probation as unconstitutional. He contends that the condition prohibiting him from associating with gang members violates his federal due process rights because it is unconstitutionally vague. He argues that the condition prohibiting him from possessing gang paraphernalia violates his federal due process rights because it is vague and overbroad. He also argues that the condition prohibiting him from frequenting areas of gang-related activity is unconstitutionally vague. Finally, defendant argues that the condition of probation prohibiting him from appearing at any court proceeding unless he is a party or subpoenaed witness is an unconstitutional impingement on his First Amendment guarantee of access to court proceedings.

### A. *Applicable Law*

■ Under Penal Code section 1203.1, a court granting probation may impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j).) "The primary goal of probation is to ensure '[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation.' (Pen. Code, § 1202.7.)" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].) "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*Id.* at pp. 1120–1121.)

■ As to limitations on constitutional rights, "probation is a privilege and not a right, and . . . adult probationers, in preference to incarceration, validly may consent to limitations upon their constitutional rights . . . . [Citations.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 384 [87 Cal.Rptr.3d 199, 198 P.3d 1].) But the Supreme Court has recognized that "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor

those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 [55 Cal.Rptr.3d 716, 153 P.3d 282].) Also, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*)

In the ordinary case in which a trial court imposes a probation condition based on its determination of historical or situational facts regarding the defendant or the defendant's offenses, a reviewing court is confined to determining whether the condition amounted to an abuse of discretion. (See *People v. Carbajal, supra,* 10 Cal.4th 1114, 1120–1121.) In particular, the court has "broad discretion to impose conditions to foster rehabilitation and to protect public safety." (*Id.* at p. 1120.) But the court's discretion is not without limits. "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " [Citations.]' [Citation.]" (*Id.* at p. 1121.)

### B. *Forfeiture*

Before turning to the substance of defendant's contentions, we note in the instant case defendant did not object to the probation conditions in the trial court. In fact, he acknowledged that he understood and accepted each of the terms and conditions of his probation. Defendant, however, did not forfeit his constitutional challenges to his probation conditions. (*In re Sheena K., supra,* 40 Cal.4th at p. 889 [constitutional challenges to probation conditions involving pure questions of law are not forfeited despite failure to assert them in trial court].)

### C. *Association with Gang Members*

Defendant contends the probation condition "No association with gang members" should be modified to read, "No association with any person whom you know, or whom the probation officer informs you, is a gang member." Defendant argues the current language of the condition is vague because it fails to provide adequate notice to defendant, violating the due process clauses of the federal and California Constitutions. (U.S. Const., 5th & 14th Amends.; Cal. Const., art. I, § 15.) The Attorney General has no objection to this court narrowing the reference to individuals known by defendant to be associated with a criminal street gang, or individuals identified by the probation department that are associated with a criminal street gang.

■ We agree with the parties that the condition is constitutionally defective because it lacks an explicit knowledge requirement. Absent that qualification, the condition renders defendant vulnerable to criminal punishment for "associating with persons not known to him to be gang members." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 628–629 [78 Cal.Rptr.2d 66].) Given "the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights," the knowledge requirement in probation conditions "should not be left to implication." (*People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [23 Cal.Rptr.2d 340].) Accordingly, we will order the gang-association probation condition modified to read as follows: "You are not to associate with any person you know to be or the probation officer informs you is a member of a criminal street gang."[1]

### D. Gang Paraphernalia

Defendant contends that the trial court's gang condition "No insignia, tattoos, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing which is evidence of affiliation with or membership in a gang" is unconstitutional. Defendant argues it is vague because it lacks a knowledge requirement. Defendant also argues the probation condition is overbroad because it does not tailor the restriction to articles which are evidence of appellant's gang of choice, the Norteños, "thus purportedly requiring [defendant] to avoid colors, symbols, and paraphernalia from all criminal gangs." Defendant requests this court modify the condition to read, "You are not to possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket or other article of clothing *that you know or that the probation officer informs you* is evidence of affiliation with or membership *in the Norteños Gang*."

The Attorney General has no objection to this court modifying this condition to include a requirement that it applies to paraphernalia or insignias that defendant, "knows, or that the probation officer informs you, [is] evidence of affiliation with or membership in a gang." However, the Attorney General argues that the term "gang" requires no restriction to defendant's gang, as the term implies any criminal street gang as defined in Penal Code section 186.22, subdivision (f). The Attorney General does not address defendant's argument that without identifying which gang's paraphernalia defendant must not possess, the probation condition is overbroad.

---

[1] We do not intend to hold that all gang-related conditions of probation should be worded as we order in this case. We recognize that the parties may agree to gang conditions with different wording as long as they appropriately tailor the conditions to the defendant's offenses and rehabilitation.

We agree with the parties that the condition is constitutionally defective because it lacks an explicit knowledge requirement. As with the previous contested gang condition, absent that qualification the condition renders defendant vulnerable to criminal punishment for possessing paraphernalia that he did not know was associated with gangs. (*People v. Garcia, supra*, 19 Cal.App.4th at p. 102). Accordingly, we will modify the order to include a knowledge requirement.

■ We now turn to whether the condition is unconstitutionally overbroad. The United States Constitution generally protects freedom of association, certain symbolic or expressive conduct, and the liberty to make certain intimate personal choices. (See U.S. Const., 1st & 14th Amends.; *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 750 [120 Cal.Rptr.2d 550] [recognizing liberty interest in personal dress and appearance]; *People v. Beach* (1983) 147 Cal.App.3d 612, 622 [195 Cal.Rptr. 381] ["The right to acquire, own, enjoy and dispose of property is . . . a basic fundamental right guaranteed by the Fourteenth Amendment to the United States Constitution."].) Nevertheless, reasonable probation conditions may limit constitutional rights provided they are closely tailored to achieve legitimate purposes. (*People v. Olguin, supra*, 45 Cal.4th at p. 384; *In re Sheena K., supra*, 40 Cal.4th at p. 890.)

■ We do not agree with defendant that the word "Norteño" needs to be inserted into the probation condition to save it from being overbroad. "A statute or regulation is overbroad if it 'does not aim specifically at evils within the allowable area of [governmental] control, but . . . sweeps within its ambit other activities that in the ordinary circumstances constitute an exercise' of protected expression and conduct." (*Gatto v. County of Sonoma, supra*, 98 Cal.App.4th at p. 776, quoting *Thornhill v. Alabama* (1940) 310 U.S. 88, 97 [84 L.Ed. 1093, 60 S.Ct. 736].) However, a probation condition must be aimed at the rehabilitation of the defendant and it is necessary and appropriate that the term "gang" be more fully defined in the condition at issue. (*People v. Lopez, supra*, 66 Cal.App.4th at p. 634.) Defendant's need for rehabilitation is due to his association with a criminal street gang, and the probation condition can be aimed squarely at that without inserting the word "Norteño."

Accordingly, we will order the gang-paraphernalia probation condition to read as follows: "You are not to possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket or other article of clothing that you know or that the probation officer informs you is evidence of, affiliation with, or membership in a criminal street gang."

## E. *Areas of Gang-related Activity*

Defendant contends the probation condition "You're not to frequent any areas of gang-related activity" should be modified to state, "You're not to visit any area you know or which the probation officer informs you is an area of gang-related activity." Defendant argues that the knowledge requirement is necessary to remedy the condition from being unconstitutionally vague. Defendant additionally argues that the word "frequent" must be changed because it is an obscure term that also renders the condition unconstitutionally vague. The Attorney General does not object to the insertion of a knowledge requirement and is silent on whether the word "frequent" should be modified.

We agree with defendant that the condition is unconstitutionally vague. As with the previous probation conditions, absent a knowledge requirement, defendant may be criminally punished for gang involvement he is unaware of. (*People v. Lopez, supra*, 66 Cal.App.4th at pp. 628–629.) We also agree with defendant that the word "frequent" renders the condition unconstitutionally vague, because it is both obscure and has multiple meanings. (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1072 [96 Cal.Rptr.3d 793].) Accordingly, we will order the gang-area condition to read as follows: "You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity."

## F. *Court Proceedings*

Defendant contends the probation condition stating, "You shall not appear at any court proceeding unless you're a party, you're a defendant in a criminal action, subpoenaed as a witness, or with permission of probation" should be eliminated because "it is an overbroad restriction of [defendant's] First Amendment guarantee of access to court proceedings." Alternatively, defendant argues that if this court does not eliminate the condition altogether, it should be modified to refer to court proceedings involving gang members only. The Attorney General argues the condition should stand as stated by the trial court because it is neither overbroad nor vague, and promotes public safety by preventing a person with gang affiliations from attending trials where they may intimidate witnesses.

■ A general ban on being present at any courthouse or court proceeding, except when scheduled for a hearing or subpoenaed as a witness, may impinge upon a host of constitutional rights. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." (*Bill Johnson's Restaurants, Inc. v. NLRB* (1983) 461 U.S. 731, 741 [76 L.Ed.2d 277, 103 S.Ct. 2161].) "[I]n general, the First

Amendment right of access applies to civil proceedings as well as to criminal proceedings." (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1209 [86 Cal.Rptr.2d 778, 980 P.2d 337]; see *Richmond Newspapers, Inc. v. Virginia* (1980) 448 U.S. 555, 580, fn. 17 [65 L.Ed.2d 973, 100 S.Ct. 2814] (plur. opn.) ["historically both civil and criminal trials have been presumptively open"].) "[T]he right [of the general public] to attend criminal trials is implicit in the guarantees of the First Amendment; without the freedom to attends such trials, which people have exercised for centuries, important aspects of freedom of speech and 'of the press could be eviscerated.' [Citation.]" (*Richmond Newspapers, Inc.*, at p. 580, fn. omitted.)

In *People v. Perez* (2009) 176 Cal.App.4th 380 [97 Cal.Rptr.3d 632], an appellate court struck down a probation condition that provided: "The defendant shall not attend any Court hearing or be within 500 feet of any Court in which the defendant is neither a defendant nor under subpoena. The defendant shall inform the probation officer prior to any Court appearance." (*Id.* at pp. 383, 386.) The court observed that the condition was neither "limited to protecting specific witnesses or parties" nor "confined to trials involving gang members" and, as written, it was "so broad" that it prevented activities unrelated to future criminality. (*Id.* at p. 384.) The same is true here.

Although the condition does not completely forbid defendant from attending court proceedings, it still has broad sweep. There can be a variety of legitimate reasons for being at a court proceeding, other than to intimidate or threaten a party or witness. For example, defendant may need to file a document regarding a family matter or he may, as a member of the public, wish to observe a newsworthy trial not involving a gang member or himself. While our Supreme Court is "keenly aware of the serious nature and magnitude of the problem of witness intimidation" (*Alvarado v. Superior Court* (2000) 23 Cal.4th 1121, 1149 [99 Cal.Rptr.2d 149, 5 P.3d 203]), the current probation conditions as modified already prevent defendant from associating with gang members and from wearing, possessing, or displaying any criminal street gang paraphernalia.

■ Additionally, the probation condition is not saved because it allows defendant to attend court proceedings with the probation officer's permission. A probation condition that in effect delegates unfettered discretion to a probation officer to determine its scope at the very least risks being unconstitutionally overbroad. In *People v. O'Neil* (2008) 165 Cal.App.4th 1351 [81 Cal.Rptr.3d 878], the appellate court struck down a condition that forbade the defendant from associating with all persons designated by his probation officer because the condition was "overbroad and permit[ted] an unconstitutional infringement on defendant's right of association." (*Id.* at pp. 1354, 1358.) The court acknowledged that a trial court "may leave to the discretion

of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation" but a probation condition could not be "entirely open-ended" because the trial court was responsible for determining "the nature of the prohibition placed on a defendant as a condition of probation, and the class of people with whom the defendant is directed to have no association." (*Id.* at pp. 1358–1359.) The appellate court reasoned: "Although probation officers may be given 'wide discretion to enforce court-ordered conditions' (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373 [257 Cal.Rptr. 821]), they may not create conditions not expressly authorized by the court (*id.* at pp. 1372–1373.)" (*People v. O'Neil, supra,* 165 Cal.App.4th at p. 1358.)

The probation condition in this case suffers from a similar defect. While the trial court might expect the probation officer to routinely grant permission to defendant to be present at a court proceeding or courthouse unless defendant appeared to have an unlawful purpose, a gang-related purpose, or some other purpose related to future criminality, the probation condition does not provide this standard for granting or withholding approval. Accordingly, we will order the prohibition-from-court-proceedings condition modified to read as follows: "You shall not be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer."

## IV. DISPOSITION

The trial court is ordered to modify the gang conditions of probation to read as follows: "You are not to possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing that you know or the probation officer informs you is evidence of, affiliation with, or membership in a criminal street gang. You are not to associate with any person you know to be or the probation officer informs you is a member of a criminal street gang. You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity. You shall not be adjacent to any school campus during school hours unless you are enrolled or with prior permission of the school administration or probation. You shall not be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer. All these orders are as directed and supervised by probation."

As so modified, the judgment is affirmed.

McAdams, J., and Duffy, J., concurred.