Filed 11/6/13  In re H.V. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE H.V., a Person Coming Under the Juvenile Court Law. | H039634 (Monterey County Super. Ct. No. J35398) |
| THE PEOPLE, Plaintiff and Respondent, v. H.V., Defendant and Appellant. | |

## I.  INTRODUCTION

The minor, H.V., appeals from the juvenile court's May 1, 2013 dispositional order declaring him a ward of the court and committing him to the county juvenile ranch following the minor's admissions that he committed conspiracy to commit robbery (Pen. Code, § 211)[1] and attempted robbery (§§ 664, 211).

On appeal, the minor challenges a condition of probation that prohibits him from contact with the victim or the victim's family and requires him to stay at least 100 yards away from the victim and the victim's residence, vehicle, school, and placement of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

employment.  For reasons that we will explain, we will modify the probation condition to include an explicit knowledge requirement.  As so modified, we will affirm the juvenile court's dispositional order.

## II.  FACTUAL BACKGROUND

According to the probation report, on December 26, 2012, the minor was involved in the robbery of the victim, L.  The incident began when L. (age 16) was approached near a skating rink by three other teenagers, including the minor (age 17), another minor, R.R. (age 17), and 18-year-old John Avery.  R.R. told L. to give him $10 and when L. replied that he did not have $10, the minor and the others walked away.  L. heard the minor urging R.R. to approach him again.

Next, L. was surrounded by the teenagers (the minor, R.R. and Avery).  R.R. and Avery searched L.'s pockets and Avery took L.'s cell phone.  When L. told R.R. that he had the ability to track the cell phone, R.R. punched L. in the face.  L. ran to his residence and informed his father of the incident.

L.'s father became involved after he and L. located the minor, Avery, and R.R. When asked about the whereabouts of L.'s cell phone, Avery denied that he had it.  L's father saw that R.R. was holding his own cell phone and grabbed it.  R.R. recovered his cell phone by removing L.'s cell phone from his pocket and and handing it to L.'s father in exchange for his cell phone.  R.R. and L.'s father then began pushing each other.  In the ensuing altercation, L. punched R.R. in the head and Avery punched L. approximately seven times in the back.  L. fell and hit his head on a fountain.  After L.'s father pulled Avery away from L., the minor, R.R., and Avery fled from the scene.

Police officers located the minor and R.R.  They did not comply with the officers' command to stop and get on the ground.  Although the minor pulled away from the police officer who had grabbed him and attempted to place him in handcuffs, the officer was

2

eventually able to arrest him. L. positively identified the minor and R.R. as the persons who had robbed him.

### III. PROCEDURAL BACKGROUND

In March 2013 a petition was filed under Welfare and Institutions Code section 602, subdivision (a) alleging that the minor had committed robbery (§ 211; count 1) and misdemeanor resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1); count 2). On April 10, 2013, the petition was amended to include conspiracy to commit robbery (§§ 182, subd. (a)(1), 211; count 3) and attempted robbery (§§ 664, 211; count 4).

During the proceedings held on April 10, 2013, the minor admitted the allegations of counts 3 and 4 in the petition and counts 1 and 2 were dismissed. On May 1, 2013, the juvenile court's dispositional order declared the minor a ward of the court and placed him in the custody of his probation officer for 412 days, including a credit of 93 days in juvenile hall for time served and a commitment of 319 days to the county juvenile ranch.

The dispositional order also includes several probation conditions. At issue in the present case is probation condition No. 11: "You are not to have direct or indirect contact with victim [L.] or anyone known to you to be a member of the victim's family. Stay at least 100 yards away from the victim, victim's residence, vehicle, school, and place of employment."

### IV. DISCUSSION

On appeal, the minor contends that the probation condition No. 11 is unconstitutionally vague and should be modified to contain an explicit knowledge requirement. The minor did not challenge the probation condition in the proceedings below.

Our Supreme Court has determined that the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and

3

the claim can be resolved on appeal as a pure question of law without reference to the sentencing record.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*); see also *People v. Leon* (2010) 181 Cal.App.4th 943, 949 (*Leon*).)  In this case, the minor's arguments on appeal present pure questions of law without reference to the sentencing record and therefore we will consider the substance of those arguments.

**A.**  *Legal Principles Regarding Probation Conditions*

"The California Legislature has given trial courts broad discretion to devise appropriate conditions of probation, so long as they are intended to promote the 'reformation and rehabilitation' of the probationer.  (. . . § 1203.1, subd. (j).)"  (*In re Luis F.* (2009) 177 Cal.App.4th 176, 188.)  "The court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (Welf. & Inst. Code, § 730, subd. (b).)

However, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness."  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  In *Sheena K.*, the California Supreme Court considered a probation condition that ordered the defendant not to associate with anyone " 'disapproved of by probation.' "  (*Ibid.*)  The court found that "in the absence of an express requirement of knowledge," the probation condition was unconstitutionally vague.  (*Id.* at p. 891.)

A similar result was reached in *Leon* where the challenged probation condition ordered:  " 'No association with gang members.' "  (*Leon*, *supra*, 181 Cal.App.4th at p. 949.)  This court found the probation condition constitutionally defective because it "lack[ed] an explicit knowledge requirement."  (*Id.* at p. 950.)  Without the knowledge qualification, the condition rendered the defendant "vulnerable to criminal punishment for 'associating with persons not known to him to be gang members.' [Citation.]"  (*Ibid.*)

4

Therefore, this court ordered the probation condition modified to read as follows: " 'You are not to associate with any person you know to be or the probation officer informs you is a member of a criminal street gang.' " (*Ibid*., fn. omitted.)

### B. *Analysis*

The minor challenges probation condition No. 11 on the ground that the condition is so vague that it violates the due process clauses of the federal and California constitutions (U.S. Const., 5th & 14th Amends.; Cal. Const., art I, § 15.) He explains that he could violate probation condition No. 11 "without having any knowledge whatsoever that he is doing so," since there is nothing in the record to indicate that he is acquainted with L. or knows where L. works, resides, and goes to school, or what kind of vehicle L. drives. The minor therefore requests that probation condition No. 11 "be modified to require that [he] not knowingly come within 100 yards of [L.'s] vehicle, residence, or place of employment."

The People believe that the requested modification is unnecessary since a knowledge requirement is, in their view, implicit in probation condition No. 11. However, the People do not object to the modification. They request that probation condition No. 11 be modified to read as follows: "You are not knowingly to have direct or indirect contact with the victim or anyone known to you to be a member of the victim's family. Do not knowingly come within 100 yards of the victim, victim's residence, vehicle, school, and place of employment."

"Given 'the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights,' the knowledge requirement in probation conditions 'should not be left to implication.' [Citation.]" (*Leon*, *supra*, 181 Cal.App.4th at p. 950.) Absent an explicit knowledge requirement, probation condition No. 11 is constitutionally defective because the minor is vulnerable to punishment for unknowing violations of the condition. (Cf., e.g. *In re Justin S.* (2001) 93 Cal.App.4th 811, 816.)

5

We will therefore order that probation condition No. 11 be modified to read as follows: "You are not to knowingly have direct or indirect contact with victim [L.] or anyone known to you to be a member of the victim's family. Do not knowingly come within 100 yards of the victim, victim's residence, vehicle, school, and place of employment."

## V. DISPOSITION

The dispositional order of May 1, 2013, is ordered modified as follows. Probation condition No. 11 shall read: "You are not to knowingly have direct or indirect contact with victim [L.] or anyone known to you to be a member of the victim's family. Do not knowingly come within 100 yards of the victim, victim's residence, vehicle, school, and place of employment." As so modified, the order is affirmed.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

Grover, J., Concurring

I write separately to state my agreement with the Attorney General that the probation condition challenged here need not be modified because it contains an implicit knowledge requirement.

It is well established that an individual will not be subject to criminal sanctions without proof of a mental state corresponding to the prohibited conduct. As the California Supreme Court has explained, "the requirement that, for a criminal conviction, the prosecution prove some form of guilty intent, knowledge, or criminal negligence is of such long standing and so fundamental to our criminal law that penal statutes will often be construed to contain such an element despite their failure expressly to state it. 'Generally, " '[t]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' . . . [Citation.] In other words,

there must be a union of act and wrongful intent, or criminal negligence. (Pen. Code, § 20; [citation].)' " (*In re Jorge M.* (2000) 23 Cal.4th 866, 872, quoting *People v. Coria* (1999) 21 Cal.4th 868, 876.) "[A]t least where the penalties imposed are substantial, [Penal Code] section 20 can fairly be said to establish a presumption against criminal liability without mental fault or negligence, rebuttable only by compelling evidence of legislative intent to dispense with mens rea entirely." (*In re Jorge M., supra,* at p. 879.)

As the Attorney General points out, and the majority acknowledges, it is similarly established that a probation violation must be willful to justify revocation of probation. (*People v. Zaring* (1992) 8 Cal.App.4th 362, 379 [probationer 22 minutes late to court]; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982 [failure to report due to deportation].) As explained in *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295 (*Cervantes*), in which a probationer failed to appear for a review hearing due to being in the custody of immigration officials: "A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citing *People v. Galvan, supra.*]" Noncompliance is not willful when it is attributable to circumstances beyond a probationer's control (*Cervantes, supra,* at p. 295), just as nonpayment is not willful unless a probationer has the ability to pay (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1129; Pen. Code, § 1203.2, subd. (a)).

That general view notwithstanding, I am able to concur in the modification here because the challenged condition in this juvenile case implicates association as did the condition reviewed in *In re Sheena K.* (2007) 40 Cal.4th 875, cited by the majority.

_____

Grover, J.

8