Filed 12/3/13  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057023 |
| v. | (Super.Ct.No. FSB1201823) |
| EREK KERNELL SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed as modified.

Jesse W.J. Male, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Ifeolu E. Hassan, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Erek Kernell Smith pled no contest to one count of street terrorism. (Pen. Code, § 186.22, subd. (a).)[1] The parties stipulated that defendant was a member of a criminal street gang, and that he actively committed a felony offense. The court placed him on probation for a period of three years under certain probation conditions.

On appeal, defendant contends that certain probation conditions should be modified. The People concede, and we agree, that the probation conditions at issue should be modified. As modified, we affirm the judgment.

PROCEDURAL BACKGROUND

On August 8, 2012, the trial court placed defendant on probation, under certain terms. One of the terms provided that defendant shall "[n]ot possess any type of drug paraphernalia, as defined in [Health and Safety Code section] 11364.5[, subdivision] (d)." (Term No. 12.) The court stated that, on August 28, 2012, it would be adding gang-related terms, upon argument of counsel. Defendant agreed.

At a hearing on August 28, 2012, the court added more probation terms, including the following: Term No. 20: "Not associate with persons known to defendant to be gang members or frequent places of known gang activity"; Term No. 26: "Not display any gang hand signs"; Term No. 28: "Not wear, display or have in your possession any item associated with gang dress or any items prohibited by the probation officer"; and Term No. 29: "You shall not appear at any court building, including the lobby, hallway,

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

courtroom, or parking lot unless you are a party, defendant, or [subpoenaed as a witness to a court proceeding]."  Defendant did not object to any of these probation conditions.

## ANALYSIS

### The Probation Conditions at Issue Should Be Modified

Defendant contends that several of his probation conditions are unconstitutionally overbroad or vague and should be modified.  The People concede, and we agree.

A.  *Standard of Review*

In general, the courts are given broad discretion in fashioning terms of probation or supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety.  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion.  "As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances.  [Citation.]"  (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.)  However, constitutional challenges are reviewed under a different standard.  Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888.)  The failure to object below that a condition is unconstitutionally overbroad does not forfeit review of the issue on appeal.  (*Id*. at p. 889; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127 [Fourth Dist., Div. Two].)  We will therefore consider defendant's challenge to the constitutionality of the conditions.

3

B. *Term No. 12*

Term No. 12 provides that defendant shall "[n]ot possess any type of drug paraphernalia, as defined in [Health and Safety Code section] 11364.5[, subdivision] (d)]." This statute describes "drug paraphernalia" as including any kind of product used for "introducing into the human body a controlled substance." (Health & Saf. Code, § 11364.5, subd. (d).) This definition appears to include devices used with medically prescribed controlled substances. Thus, defendant contends that the probation condition is overbroad since there is no rehabilitative interest in preventing him from using instruments that may be necessary for taking prescription medication. We agree and grant defendant's request to modify condition No. 12. It is modified to read: "Not possess any type of drug paraphernalia, as defined in Health & Safety Code section 11364.5, subdivision (d), except for any item used to administer a medication defendant was medically prescribed."

C. *Term No. 20*

Term No. 20 provides that defendant "[n]ot associate with persons known to defendant to be gang members or frequent places of known gang activity." Defendant contends that this condition is vague because the term "frequent" is ambiguous. We agree. (*People v. Leon* (2010) 181 Cal.App.4th 943, 952 (*Leon*) [holding the word "frequent" rendered a similar condition unconstitutionally vague because it was "both obscure and ha[d] multiple meanings."]) Accordingly, we will modify term No. 20 to read: "Not associate with persons known to defendant to be gang members or visit places

4

of known gang activity." (See *Id.* at p. 952; see also § D., *post*, for further modifications to this term.)

D. *Term Nos. 20, 26, and 28*

Defendant asserts that condition Nos. 20, 26, and 28 all use the word "gang," without providing a definition of the word "gang." They read as follow:

"20. Not associate with persons known to defendant to be gang members or frequent places of known gang activity."

"26. Not display any gang hand signs."

"28. Not wear, display or have in your possession any item associated with gang dress or any items prohibited by the probation officer."

Defendant requests that these probation conditions be modified to include a reference to Penal Code section 186.22, subdivision (f), which defines a "criminal street gang." We agree and will modify the conditions accordingly.

E. *Term No. 29*

Term No. 29 prohibits defendant from appearing at "any court building, including the lobby, hallway, courtroom, or parking lot unless [he is] a party, defendant or [subpoenaed as a witness to a court proceeding]." Because this term was added as part of defendant's gang terms, it appears to be intended to prevent him from intimidating witnesses in gang-related proceedings. Defendant argues, however, that the term is so broadly written that it prevents him from attending the courts for legitimate and lawful purposes, and from accessing any governmental office that shares facilities with a court. Thus, he contends that it infringes on his First Amendment right of access to the courts.

5

The People concede, and we agree, that the term is overbroad. (See *Leon*, *supra*, 181 Cal.App.4th at pp. 952-953 [holding that a similar condition was unconstitutionally broad].) Accordingly, we will modify the term to read: "You shall not appear at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway, courtroom, or parking lot unless you are a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or you have the express permission of your probation officer."

DISPOSITION

We hereby modify defendant's probation conditions as follows:

Term No. 12 is modified to read: "Not possess any type of drug paraphernalia, as defined in Health and Safety Code section 11364.5, subdivision (d), except for any item used to administer a medication defendant was medically prescribed."

Term No. 20 is modified to read: "Not associate with persons known to defendant to be gang members or visit places of known gang activity. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f)."

Term No. 26 is modified to read: "Not display any gang hand signs. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f)."

Term No. 28 is modified to read: "Not wear, display or have in your possession any item associated with gang dress or any items prohibited by the probation officer. For

purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f)."

Term No. 29 is modified to read:  "You shall not appear at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway, courtroom, or parking lot unless you are a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or you have the express permission of your probation officer."

As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

McKINSTER

          J.

MILLER

          J.