Filed 9/24/14  In re Xavier A. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re XAVIER A., a Person Coming Under the Juvenile Court Law. | C072607 |
| THE PEOPLE, | (Super. Ct. No. JV133287) |
| Plaintiff and Respondent, | |
| v. | |
| XAVIER A., | |
| Defendant and Appellant. | |

Defendant Xavier A. was adjudged a ward of the juvenile court because he committed robbery and grossly negligent discharge of a firearm.  On appeal, he contends: (1) the court erred by admitting evidence concerning why he had previously fired a gun, (2) he was entitled to one additional day of predisposition custody credit, (3) the restitution fine must be reduced from $300 to $100, and (4) part of a probation condition must be removed because it is overbroad.  We modify the order by reducing the restitution fine to $100 and removing the offending part of the probation condition.  As modified, we affirm.

1

FACTS

On December 13, 2011, defendant (15 years old, at the time) was with three other boys along Mack Road. They followed two girls, and conversed with them. One of the girls asked whether the boys were going to come to her birthday party. Defendant said he would "squeeze the function," meaning he would shoot up the party. He then pulled out a gun and fired twice into the air. The girls ran across the street.

Kristopher Jamerson approached the boys on the sidewalk. Defendant pointed the gun at Jamerson's stomach and told him to "stick 'em up." As Jamerson put his hands in the air, one of the other boys punched Jamerson in the face. The boys took keys, a lighter, a pocketknife, and a cellular phone from Jamerson's pockets, and then they fled into the neighborhood.

Sacramento police officers responded to the scene and soon found and detained the four boys. The items stolen from Jamerson and a gun were found nearby. One of the girls identified defendant as the one who had the gun. A test of defendant's hands revealed gunshot residue, while tests of the hands of the other boys were negative.

PROCEDURE

After a contested jurisdictional hearing, the trial court found that defendant robbed Jamerson (Pen. Code, § 211) and twice discharged a firearm in a grossly negligent manner (Pen. Code, § 246.3). The court also found that defendant personally used a firearm in the commission of the robbery (Pen. Code, § 12022.53, subd. (b)).

The trial court adjudged defendant a ward of the court and (1) ordered and stayed commitment to the Division of Juvenile Facilities (now called the Division of Juvenile Justice) for a maximum of 10 years, (2) ordered placement in juvenile hall for the time already served, and (3) committed defendant to a facility in Iowa. The court also imposed a period of probation with probation conditions.

DISCUSSION

I

*Evidence Concerning Gunshots the Prior Day*

During trial, the defense presented defendant's testimony that he did not brandish a gun against Jamerson and that he fired a gun the day before the robbery. His purpose in presenting the evidence was to explain the gunshot residue found on his hand. On cross-examination, the prosecutor asked why defendant fired the gun on the day before the Jamerson robbery. On appeal, defendant contends the trial court erred by overruling his Evidence Code section 352 objection and admitting the evidence of why he fired the gun because it was irrelevant. We conclude that defendant did not object on relevancy grounds and therefore forfeited consideration of the issue on appeal. Defendant also contends that failure to object on relevancy grounds constituted ineffective assistance of counsel. We also reject this contention because counsel may have refrained from objecting based on trial strategy.

A.      *Proceedings*

Defendant testified that, on the day of the incident, he possessed a gun, but not the gun that was used in robbing Jamerson. He took the gun to school, even though he knew it was against the law. He disposed of the gun in a waste container after the incident with Jamerson. The prosecutor asked defendant why he had the gun, and he replied that he had the gun to protect himself.

When the prosecutor asked defendant how many times he had fired the gun before the day of the Jamerson incident, defense counsel objected, saying, "352, prior bad acts." The court held a sidebar conference with counsel and then overruled the objection. Later, the court summarized the sidebar discussion:

"Earlier this afternoon, we had a sidebar. The question posed by [the prosecutor] on cross-examination of the [defendant] dealt with whether he had fired the gun about

3

which he had just testified . . . . As I recall, it was how many times before or when he had fired before December 13th. [¶] There was an objection from [defense counsel]. I called counsel to sidebar just to ensure that [defense counsel] had, in fact, proffered that portion of the testimony on direct to possibly set up a defense to the presence of gunshot residue on [defendant's] hands as testified to by the officer. [Defense counsel] indicated that that was one of several issues for which [she] proffered the testimony. [¶] In light of the fact that one of the proffered bases for the testimony was to help explain the gunshot residue, I ruled that it would be permissible for [the prosecutor] to cross-examine with regard to exposure to gunshot residue at times other than the incident at hand and overruled the objection."

After the court overruled the objection, defendant answered that he had shot the gun on the day before the Jamerson incident. When the prosecutor asked why defendant fired the gun, defendant apparently did not answer immediately because *defense counsel* said, "Your Honor, would you instruct the witness to answer the question?" Defendant testified that he shot the gun to protect himself from someone who was shooting at him.

The prosecutor also asked defendant why he had a gun on the day of the incident. He replied that he had the gun for protection.

B.     *Forfeiture*

Defendant argues the trial court should not have admitted evidence concerning why he shot the gun on the day before the Jamerson incident because the reason for shooting the gun was irrelevant and inflammatory. Only the fact that he fired the gun was relevant to whether he had gunshot residue on his hands.

This argument was not made in the trial court. There, defendant objected to the evidence that he had fired a gun on the day before the Jamerson incident. His objection was based on "352, prior bad acts." On appeal, however, he does not find fault with admission of evidence that he fired the gun. Indeed, he relied on that evidence to argue that gunshot residue was on his hands from firing that gun instead of the gun used against

4

Jamerson. Instead, he finds fault on appeal in the additional evidence about why he fired the gun on the day before the Jamerson incident. "Defendant did not object on this ground in the trial court and may not raise the issue for the first time on appeal." (*People v. Zapien* (1993) 4 Cal.4th 929, 987.)

C *Effective Assistance of Counsel*

Defendant contends that, if defense counsel did not adequately preserve this issue for appeal, defendant was denied his right to effective assistance of counsel. We reject this contention because the decision not to object to evidence of why defendant fired the gun on the day before the Jamerson incident may have been a tactical decision.

Under both the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution, a criminal defendant has a right to the assistance of counsel. (See *Strickland v. Washington* (1984) 466 U.S. 668, 684-685 [80 L.Ed.2d 674, 691-692]; *People v. Pope* (1979) 23 Cal.3d 412, 422.) This right "entitles the defendant not to some bare assistance but rather to effective assistance." (*People v. Ledesma* (1987) 43 Cal.3d 171, 215, italics omitted.) "To establish entitlement to relief for ineffective assistance of counsel the burden is on the defendant to show (1) trial counsel failed to act in the manner to be expected of reasonably competent attorneys acting as diligent advocates and (2) it is reasonably probable that a more favorable determination would have resulted in the absence of counsel's failings. [Citations.]" (*People v. Lewis* (1990) 50 Cal.3d 262, 288.)

"In evaluating a defendant's claim of deficient performance by counsel, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance' [citations], and we accord great deference to counsel's tactical decisions. [Citation.] Were it otherwise, appellate courts would be required to engage in the ' "perilous process" ' of second-guessing counsel's trial strategy. [Citation.] Accordingly, a reviewing court will reverse a conviction on the ground of inadequate counsel 'only if the record on appeal affirmatively discloses that counsel had no rational

5

tactical purpose for his act or omission.' [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 979-980, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

Here, defense counsel asked the trial court to direct defendant to answer when the prosecutor asked why he had fired the gun the day before the Jamerson incident. Counsel may have done so to show that defendant was in danger and, for that reason, was armed. This would have been a reasonable trial strategy; therefore, we must reject defendant's claim of ineffective assistance of counsel. Because there was a tactical reason to allow the testimony, we need not discuss prejudice. Even so, the added testimony about why defendant fired the gun the day before the Jamerson incident was not so inflammatory as to have any effect on the trial court's determination.

## II

### *Predisposition Credit*

In his opening brief, defendant asserted that he is entitled to one day more of predisposition credit than the trial court awarded because the court did not award him credit for October 18, 2011, the day he was first arrested and then released. The Attorney General responded that defendant was arrested on October 18, 2011, for a prior, unrelated offense. It was not until December 13, 2011, that he was arrested on the current charges. Therefore, defendant is not entitled to credit for the day he was arrested on the prior, unrelated offense. (See *In re Rojas* (1979) 23 Cal.3d 152, 155-156 [no credit for time served if time served for unrelated offense].) In his reply brief, defendant acknowledged that the October 18, 2011, arrest was for an unrelated offense, and recognized that he is not entitled to one more day of predisposition credit.

## III

### *Restitution Fine*

Defendant contends that we should reduce the $300 restitution fine imposed under Welfare and Institutions Code section 730.6, subdivision (b) because the court intended

6

to impose the minimum $100 restitution fine and only imposed a $300 restitution fine because defense counsel misled the court into thinking it had to impose a restitution fine of $100 for each felony. The Attorney General responds that defendant forfeited this contention because he did not object to the fine. She observes that the fine is within the statutory range permitted. We agree with defendant that the trial court intended to impose a $100 restitution fine and instead imposed a $300 restitution fine only because it was misled concerning the law. We exercise our discretion to reach the issue and correct the restitution fine to reflect the intention of the trial court.

Welfare and Institutions Code section 730.6, subdivision (b)(1) requires the trial court to impose a restitution fine of at least $100 and not more than $1,000 "[i]f the minor is found to be a person described in Section 602 by reason of the commission of one or more felony offenses . . . ." The statute contains no requirement that a separate restitution fine be imposed for each felony, and the Attorney General does not argue otherwise.

Referring to the restitution fine required by Welfare and Institutions Code section 730.6, subdivision (b), the trial court said, "I guess I have to impose a restitution fine of $100. $100 restitution fine." However, defense counsel interjected with the opinion that the statute required a fine of $100 for each felony, of which there were three here. The court then said, "So that would be $100 times three counts so that's $300. I intentionally imposed the minimum because that's the least of our issues here."

While defendant did not object to the $300 restitution fine, which raises the question of forfeiture, the trial court was obviously misled as to the law. Forfeiture rules do not apply automatically, and we have discretion to reach legal issues that could be deemed forfeited. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) Here, although the legal issue concerning the amount of the restitution fine may not be of great moment, the error of law into which defense counsel led the trial court raises the issue of the competence of counsel. Rather than considering and resolving such a serious issue as the competence of

7

counsel, we deem it better here to exercise our discretion and correct the minimal restitution fine.

The trial court originally imposed a restitution fine of $100, and modified the amount only when incorrectly advised of the law by defense counsel. Accordingly, we modify the judgment to impose a $100 restitution fine as intended by the trial court, instead of a $300 restitution fine.

IV

*Probation Condition*

One of the probation conditions imposed by the trial court was not knowingly to be in the presence of or in the same building or vehicle as a person possessing a dangerous or deadly weapon. Defendant contends this condition is overbroad. The Attorney General responds that defendant forfeited consideration of this issue on appeal because he did not object to the condition in the trial court, and, in any event, the condition is not overbroad. We conclude that the condition is facially unconstitutional because it is overbroad and requires a remedy even though no objection was made in the trial court; therefore, we modify the condition by removing the offending language.

The challenged probation condition, which is the sixth condition in the court's order, required defendant to "[n]ot knowingly own, use, or possess any dangerous or deadly weapons *nor knowingly remain in any building, vehicle or in the presence of any person where you know or reasonably should know dangerous or deadly weapons exist*, nor remain in the presence of any person you know or reasonably should know is an unlawfully armed person, and not knowingly own or possess any item that a reasonable person would mistake for a real firearm." The text in italics is the language defendant claims is overbroad and seeks to have removed.

Regarding the Attorney General's forfeiture argument, our Supreme Court has determined that the forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be

8

resolved on appeal as a pure question of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887-889.) We therefore turn to the issue of whether it is unconstitutionally overbroad on its face.

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K., supra,* 40 Cal.4th at p. 890.) " 'A statute or regulation is overbroad if it "does not aim specifically at evils within the allowable area of [governmental] control, but . . . sweeps within its ambit other activities that in the ordinary circumstances constitute an exercise" of protected expression and conduct.' [Citation.]" (*People v. Leon* (2010) 181 Cal.App.4th 943, 951.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights – bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

As defendant argues, the probation condition prohibits defendant from knowingly being in any building or vehicle where there is a dangerous or deadly weapon or near anyone who possesses such a weapon. This condition would prevent defendant from being at a police station, in a courthouse, or in many other places where someone legitimately and legally possesses a dangerous or deadly weapon. It would even prohibit defendant from meeting with a probation officer if that officer was armed. This is an untenable and unconstitutional burden on defendant's right to travel and to associate with others and is not aimed with any precision at the evil to be prevented. (*People v. Leon, supra*, 181 Cal.App.4th at p. 951.)

The Attorney General offers no rational support for the breadth of this condition. Instead, she argues generically that the condition "is narrowly tailored and reasonably related to the compelling state interests in reformation, rehabilitation, and public safety."

9

She adds that the record shows defendant had knowingly and illegally possessed a weapon and that he had associated with others who were armed. The challenged part of the probation condition, however, does not address defendant's possession of a weapon, while the unchallenged part clearly proscribes his possession of a weapon. Also, the unchallenged part of the probation condition proscribes knowingly being in the presence of anyone else who is unlawfully armed. Finally, the Attorney General does not suggest any modification to the language of the probation condition that would resolve the overbreadth problem.

We conclude the challenged part of the probation condition is overbroad and must be removed. The remainder of the probation condition concerning dangerous and deadly weapons remains unchallenged and unchanged.

Defendant also argues that the challenged part of the probation condition is vague. We need not consider that argument.

DISPOSITION

The restitution fine is reduced to $100, and the language of the sixth probation condition stating, "nor knowingly remain in any building, vehicle or in the presence of any person where you know or reasonably should know dangerous or deadly weapons exist," is struck. As modified, the order is affirmed.

                                    NICHOLSON        , J.


We concur:


    RAYE          , P. J.


10

_____HOCH_____, J.