Filed 9/12/16  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063379 |
| v. | (Super.Ct.No. FWV1500850) |
| CURTIS SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael R. Libutti, Judge.  Affirmed as modified.

Allison L. Ehlert, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Kristen Hernandez, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Curtis Smith was charged by felony complaint with three counts of carrying a loaded firearm as a member of a criminal street gang (Pen. Code,[1] § 25850, subd. (a), counts 1, 3, & 5), three counts of having a concealed firearm in a vehicle (§ 25400, subd. (a)(1), counts 2, 4, & 6), street terrorism (§ 186.22, subd. (a), count 7), and shoplifting (§ 459.5, count 8). As to counts 1 through 6, it was alleged that the offenses were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b)(1)(A).) The People amended the complaint to allege one count of carrying a concealed weapon. (§ 25400, subd. (c)(4), count 9). Pursuant to a plea agreement, defendant pled no contest to count 9. The court dismissed the remaining counts and allegations. The court placed defendant on probation for a period of three years under certain probation conditions, including serving 365 days in county jail.

On appeal, defendant contends that four of his gang-related probation conditions should be modified. The People concede, and we agree, that the probation conditions at issue should be modified. As modified, we affirm the judgment.

## FACTUAL BACKGROUND

Defendant arrived at a liquor store in a vehicle with two other males. He stole a bottle of liquor and fled on foot. His cohorts drove the vehicle to an apartment complex across the street. The liquor store clerk called the police, who responded to the scene and located the vehicle. One of the suspects was in the car, and the police detained him. The

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

police observed an assault rifle on the floorboard, and the suspect confessed that there were also two handguns under the front passenger seat. Defendant was eventually apprehended by the police. Defendant's cohort told the officers that defendant belonged to the Neckland Crips gang.

## ANALYSIS

### The Gang-Related Probation Conditions Should Be Modified

Defendant contends that four of his probation conditions are unconstitutionally vague and/or overbroad. He argues that they should be invalidated or, in the alternative, modified. The People concede, and we agree.

"Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] If it serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.'" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*Ibid.*) "The concept of unconstitutional vagueness is related to the concept of unconstitutional overbreadth, but 'there are important differences.' [Citation.] '"A clear and precise enactment may nevertheless be 'overbroad' if in its reach it prohibits constitutionally protected conduct."' [Citation.] The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice." (*Ibid.*, italics omitted.)

A. *Probation Condition Nos. 20, 31, and 33*

Defendant asserts that condition Nos. 20, 31, and 33 all use the word "gang" without providing a definition. They read as follow:

"20. Not associate with known gang members or frequent places of known gang activity."

"31. Not display any gang hand signs."

"33. Not wear, display or have in your possession any item associated with gang dress or any item prohibited by the probation officer, including but not limited to any insignia, emblem, button, badge, cap hat, scarf, bandanna or any article of clothing, hand sign, or paraphernalia associated with membership or affiliation in any gang."

Defendant requests that these probation conditions be modified to include a reference to section 186.22, subdivision (f), which defines a "criminal street gang." The People concede. We agree and modify the conditions accordingly.

Defendant also contends that condition Nos. 20, 31, and 33 should be modified to include a specific knowledge requirement. The People concede, and we agree, that condition Nos. 31 and 33 should include a knowledge requirement to avoid any overbreadth or vagueness issue. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 890-892.) While condition No. 20 does contain a knowledge requirement, in that it prohibits defendant from associating with persons "known to [him]" to be gang members, he argues that the portion of the condition referring to "known gang activity" is not similarly specific to him and his knowledge. We agree that the condition should be modified to

4

restrict him from going to places that *he* knows have gang activity. (See *People v. Leon* (2010) 181 Cal.App.4th 943, 950 (*Leon*).)

Defendant further contends that, in condition No. 20, the use of the word "places" to describe where he may not go is too broad. He suggests the condition should be modified to read "any area in which members of the Neckland Crips gang gather or congregate." However, modifying the condition to specify the Neckland Crips would be too narrow, since the court required defendant to stay away from all gang members.

Defendant also argues that the use of the word "frequent" in condition No. 20 is imprecise. We agree, and the People concede, that the use of the word "frequent" is imprecise because it is obscure. (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1072.) That part of the condition should read "visit or remain."

Thus, condition No. 20 should be modified to read: Not associate with persons known to you to be criminal street gang members or visit or remain in any specific location that you know to be or that the probation officer informs you is an area of criminal-street-gang-related activity. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

The other conditions should be modified as follows:

No. 31: Not display any hand signs that you know to be associated with a criminal street gang. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

5

No. 33:  Not wear, display or have in your possession any item you know to be associated with criminal street gang dress, or any items prohibited by the probation officer, including but not limited to any insignia, emblem, button, badge, cap hat, scarf, bandanna or any article of clothing, hand sign, or paraphernalia associated with membership or affiliation in any criminal street gang.  For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

B.  *Probation Condition No. 34*

Condition No. 34 prohibits defendant from appearing at "any court building, including the lobby, hallway, courtroom, or parking lot unless [he is] a party, defendant or subpoenaed as a witness to a court proceeding."  Defendant argues that this condition is invalid since it unduly restricts his fundamental right to access the courts.  The People concede, and we agree, that the term is overbroad.  (See *Leon*, *supra*, 181 Cal.App.4th at pp. 952-953 [holding that a similar condition was unconstitutionally broad]; see also, *People v. Martinez* (2014) 226 Cal.App.4th 759, 767-768 (*Martinez*).)  Accordingly,  we will modify the term to read:  You shall not appear at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway, courtroom, or parking lot that you know or reasonably should know involves either criminal street gang charges or a person associated with a criminal street gang (as defined in Penal Code section 186.22) as a member or witness, unless you are scheduled for a court hearing as a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or you have the

6

express permission of your probation officer, or have other lawful business with the court or county administration. (*Martinez*, *supra*, 226 Cal.App.4th at pp. 767-768.)

DISPOSITION

We hereby modify defendant's probation conditions as follows:

Condition No. 20 shall read: Not associate with persons known to you to be criminal street gang members or visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

Condition No. 31 shall read: Not display any hand signs that you know to be associated with a criminal street gang. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

Condition No. 33 shall read: Not wear, display or have in your possession any item you know to be associated with criminal street gang dress, or any items prohibited by the probation officer, including but not limited to any insignia, emblem, button, badge, cap hat, scarf, bandanna or any article of clothing, hand sign, or paraphernalia associated with membership or affiliation in any criminal street gang. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f).

Condition No. 34 shall read: You shall not appear at any criminal court proceeding or at any criminal courthouse building, including the lobby, hallway,

courtroom, or parking lot that you know or reasonably should know involves either criminal street gang charges or a person associated with a criminal street gang (as defined in Penal Code section 186.22) as a member or witness, unless you are scheduled for a court hearing as a party, defendant, or subpoenaed as a witness to a criminal court proceeding, or you have the express permission of your probation officer, or have other lawful business with the court or county administration.

As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST

Acting P. J.

We concur:

MILLER

J.

CODRINGTON

J.