Filed 5/13/14  In re W.A. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE W.A., a Person Coming Under the Juvenile Court Law. | H039924 (Santa Clara County Super. Ct. No. 313JV39984A, B) |
| THE PEOPLE, Plaintiff and Respondent, v. W.A., Defendant and Appellant. | |

The minor, W.A., appeals from the July 15, 2013 dispositional order that followed his admissions that he received a stolen motor vehicle (Pen. Code, § 496d), resisted an officer (*id.*, § 148, subd. (a)(1)), and committed vehicle theft (Veh. Code, § 10851, subd. (a)).  The minor was placed on probation with various terms and conditions, including that he not be adjacent to any school campus, that he not possess any drug paraphernalia, and that he not contact the victim.

On appeal, the minor contends that remand is required because the juvenile court failed to determine whether the offenses for receiving a stolen motor vehicle and vehicle theft were felonies or misdemeanors pursuant to Welfare and Institutions Code

section 702.[1]  The minor also argues that the probation conditions concerning school campuses, drug paraphernalia, and victim contact are unconstitutionally vague and overbroad.

For reasons that we will explain, we will reverse the dispositional order and remand the matter for the juvenile court to declare whether the offenses for receiving a stolen motor vehicle and vehicle theft are felonies or misdemeanors and for the court to modify the probation conditions.

## BACKGROUND

In early 2013, the minor was a passenger in a vehicle that had been reported stolen.  After a short pursuit by law enforcement, the vehicle stopped and the driver and the minor fled the vehicle.  The minor was apprehended but the driver was not located.  Approximately two months later, the same vehicle was stolen and later found abandoned.  The minor's fingerprints were on the rearview mirror of the vehicle.  The victim stated that the minor did not have permission to use the vehicle.

In April 2013, a petition was filed under section 602 alleging that the minor received a stolen motor vehicle (Pen. Code, § 496d; count 1, a felony) and resisted an officer (*id.*, § 148, subd. (a)(1); count 2, a misdemeanor).  In May 2013, a second petition was filed under section 602 alleging that the minor committed vehicle theft (Veh. Code, § 10851, subd. (a); count 1, a felony) and received a stolen motor vehicle (Pen. Code, § 496d; count 2, a felony).

At the jurisdiction hearing, the minor admitted the allegations in the April 2013 petition that he had received a stolen motor vehicle (Pen. Code, § 496d; count 1) and resisted an officer (*id.*, § 148, subd. (a)(1); count 2).  Regarding the May 2013 petition, the minor admitted the allegation that he had committed vehicle theft (Veh. Code,

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

§ 10851, subd. (a); count 1). The juvenile court dismissed count 2 of the May 2013 petition. The court did not declare at the hearing whether any of the offenses were misdemeanors or felonies. In the court's jurisdiction order (on a Judicial Council form), regarding the "allegations . . . admitted and found to be true," the court check-marked boxes indicating that the counts for receiving a stolen motor vehicle and vehicle theft are felonies, and that the count for resisting an officer is a misdemeanor. Underneath this listing is the statement, "The court has considered whether the above offense(s) should be felonies or misdemeanors."

At the July 15, 2013 disposition hearing, the juvenile court declared the minor a ward of the court and placed him on probation, with 60 days on the electronic monitoring program. The conditions of probation include the following: "5. That said minor not be on or adjacent to any school campus unless enrolled or with prior administrative approval," "8. That said minor not be in possession of any drug paraphernalia," and "28. That said minor have no contact of any type with [the victim]." The court did not declare at the hearing whether any of the offenses were misdemeanors or felonies. The court's disposition order (on a Judicial Council form) contains a check-mark next to the statement, "The court previously sustained the following counts. Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows[.]" Underneath that statement, there are boxes labeled "Misdemeanor" and "Felony." None of the boxes are marked. However, handwritten next to the boxes is the following: "Ct. 1 PC 496d – Felony [¶] Ct. 2 PC 148(a)(1) – Misd. Pet. A [¶] . . . [¶] Ct. 1 VC 10851(a) – Felony Pet. B."

## DISCUSSION

### A. *Failure to Declare That Offenses Are Felonies or Misdemeanors*

The minor contends that the juvenile court failed to determine whether the receiving a stolen motor vehicle offense (Pen. Code, § 496d; count 1) in the April 2013 petition, and the vehicle theft offense (Veh. Code, § 10851, subd. (a); count 1) in the

3

May 2013 petition, were felonies or misdemeanors pursuant to section 702, and that therefore the matter should be remanded for a determination.

The Attorney General concedes that the juvenile court "did not 'declare' " whether the two counts were misdemeanors or felonies, that the court "did not orally state that it recognized it had discretion and exercised that discretion," and that the matter should be remanded.

The offenses of receiving a stolen motor vehicle and vehicle theft are "wobblers," i.e., crimes "chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor." (*People v. Park* (2013) 56 Cal.4th 782, 789; see *id.* at p. 789, fn. 4; Pen. Code, §§ 17, subds. (a) & (b), 496d, subd. (a); Veh. Code, § 10851, subd. (a).) Section 702 provides that in a juvenile proceeding, "[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." This language is "unambiguous" and its "requirement is obligatory . . . ." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).) Section 702 "requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. [Citations.]" (*Manzy W.*, *supra*, at p. 1204.)

The required declaration as to misdemeanor or felony may be made at the jurisdictional hearing or at the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)[2] "If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and *expressly declare on the record that it has made such consideration*, and *must state its determination* as to whether the offense is a misdemeanor or a felony." (Rule 5.780(e)(5), italics added; see also rules 5.790(a)(1), 5.795(a).) The juvenile

---

[2] All further rule references are to the California Rules of Court.

court's determination must also be noted in an order or in the minutes from the hearing. (Rules 5.780(e), 5.795(a).)

The significance of an express declaration under section 702 was explained by the California Supreme Court in *Manzy W.*, *supra*, 14 Cal.4th 1199. Among other things, the California Supreme Court pointed out that a minor may not be held in physical confinement longer than an adult convicted of the same offense. (*Id*. at p. 1205; § 731, subd. (c).) Requiring the juvenile court to declare whether an offense is a misdemeanor or felony "facilitat[es] the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense." (*Manzy W.*, *supra*, at p. 1206.) Further, "the requirement that the juvenile court declare whether a so-called 'wobbler' offense [is] a misdemeanor or felony also serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Manzy W.*, *supra*, at p. 1207.)

In *Manzy W.*, the minor admitted a drug possession offense that was a "wobbler" as well as a "joyriding" allegation, and the juvenile court dismissed two other allegations. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1202.) At disposition, the juvenile court imposed a felony-level term of physical confinement in the Youth Authority[3] but did not expressly declare the offense a felony. (*Id*. at p. 1203.) The California Supreme Court held that the failure to make the mandatory express declaration pursuant to section 702 required remand of the matter. The court explained that "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. [Citation.]" (*Manzy W.*, *supra*, at p. 1208.) If the juvenile court fails to make the express declaration mandated by section 702, the matter must be remanded for compliance with

---

[3] The Youth Authority is now known as the Department of Corrections and Rehabilitation, Division of Juvenile Facilities. (§ 1710, subd. (a); Pen. Code, § 6001.)

5

that section, unless the record shows that the court, "despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*Manzy W., supra,* at p. 1209; see also *id.* at p. 1204.) In the case before it, the court found "[n]othing in the record establish[ing] that the juvenile court was aware of its discretion to sentence the offense as a misdemeanor rather than a felony," and that "it would be mere speculation to conclude that the juvenile court was actually aware of its discretion in sentencing Manzy." (*Id.* at p. 1210.)

In this case, nothing in the record unambiguously indicates that the juvenile court was aware of and exercised its discretion to declare whether the minor's offenses of receiving a stolen motor vehicle and vehicle theft "would be . . . felon[ies] or misdemeanor[s] in the case of an adult." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204.) The court did not make an express declaration regarding whether those offenses were felonies or misdemeanors during the jurisdiction or disposition hearing. To the extent the orders from the jurisdiction and disposition hearings suggest that a determination was made that the offenses were felonies rather than misdemeanors, these portions of the orders *also* list the minor's misdemeanor offense of resisting an officer, which is *not* a wobbler. (Pen. Code, § 148, subd. (a)(1).) In an abundance of caution and in accord with *Manzy W.'s* requirement of an "explicit declaration by the juvenile court whether [the] offense would be a felony or misdemeanor in the case of an adult" (*Manzy W., supra,* at p. 1204), we will remand the matter to the juvenile court so that it may declare whether the minor's offenses of receiving a stolen motor vehicle and vehicle theft are felonies or misdemeanors.

### B. *Probation Conditions*

The minor contends that the probation conditions prohibiting him from being adjacent to any school campus, in possession of drug paraphernalia, and contacting the victim are unconstitutionally vague and overbroad. We set forth the applicable legal

principles concerning probation conditions before considering the particular probation conditions that the minor has challenged on appeal.

### 1. Legal principles regarding probation conditions

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); *People v. Leon* (2010) 181 Cal.App.4th 943, 948-949 (*Leon*).) In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Sheena K.*, *supra*, at p. 890; *Leon*, *supra*, at p. 949.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.] The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men [and women] of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, at p. 890.)

The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889; see also *Leon*, *supra*, 181 Cal.App.4th at p. 949.)

## 2. School campus condition

Condition No. 5 states: "That said minor not be on or adjacent to any school campus unless enrolled or with prior administrative approval."

The minor contends that this probation condition is unconstitutionally vague and overbroad. In particular, he argues that the term "adjacent" is "not sufficiently well-defined" to give him notice of where he "can and cannot go," and that the probation condition should be modified to include a "specified distance." He also argues that the probation condition must include a knowledge requirement.

The Attorney General concedes that the minor's "claims have merit." The Attorney General does not object to the minor's proposed modifications as long as the distance is specified, such as a "one block radius" as suggested in *People v. Barajas* (2011) 198 Cal.App.4th 748 (*Barajas*).

In reply, the minor contends that "it is not always clear what constitutes a 'block' in some locations," and that "50 feet" should instead be used as ultimately applied in *Barajas.*

In *Barajas*, the defendant challenged as impermissibly vague and overbroad a probation condition similar to the one in the present case. The probation condition in *Barajas* stated: " 'You're not to be adjacent to any school campus during school hours unless you're enrolled in or with prior permission of the school administrator or probation officer.' " (*Barajas*, *supra*, 198 Cal.App.4th at p. 760.) This court agreed that the probation condition was vague, explaining: "At a sufficient distance, most reasonable people would agree that items are no longer adjacent, but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual

8

probation officer charged with enforcing this condition. . . . To avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided, we conclude that the probation condition requires modification." (*Id.* at p. 761, fn omitted.) The Attorney General in *Barajas* proposed modifying the probation condition to include the following language: " 'Do not knowingly be on or within 50 feet of a school campus . . . .' " (*Ibid.*) This court agreed that a 50-foot distance restriction would provide the defendant with "sufficient guidance" (*id.* at p. 762), and modified the condition to state: " 'You're not to knowingly be on or within 50 feet of any school campus during school hours unless you're enrolled in it or with prior permission of the school administrator or probation officer' " (*id.* at p. 763). This court also stated the following: "While accepting the Attorney General's concession in this case, we recognize that other modifications may equally solve the problem we perceive, such as a different measure of distance (e.g., '30 feet,' '20 yards'), a different measure of physical proximity (e.g., 'on' or 'one block away') or otherwise mapping restricted areas (e.g., 'the 1200 block of Main Street'). We do not intend to suggest that a 50-foot distance is a constitutional threshold." (*Id.* at p. 762, fn. 10.)

In this case, consistent with *Barajas*, we determine that the probation condition requires modification to prevent arbitrary enforcement and to provide fair warning to the minor of locations to be avoided. (*Barajas*, *supra*, 198 Cal.App.4th at p. 761.) Further, because both parties agree that a knowledge requirement should be included and that a distance should be specified, and because both parties cite *Barajas* without objection to the 50-foot distance applied in that case, we will modify the probation condition in this case similarly to state: "That said minor not knowingly be on or within 50 feet of any school campus unless enrolled or with prior administrative approval."

### 3. Drug paraphernalia condition

Condition No. 8 states: "That said minor not be in possession of any drug paraphernalia."

9

The minor contends that this probation condition is unconstitutionally vague and overbroad. He refers to the dictionary definition of paraphernalia and argues that there are many items associated with illegal drug use that are "common household items such as matches, lighters, blenders, spoons, bowls, balloons, and baggies." According to the minor, his possession of such common items "without the intent to use them for drug-related purposes could violate [his] probation." The minor further argues that while the probation condition appears to be "aimed at the illegal use of drugs," his possession of "an inhaler, syringe, spoon, or other device for the use of prescribed or over-the-counter medication" could constitute a violation of his probation. The minor proposes modifying the probation condition to prohibit him from "knowingly possessing items that can be used, and that he intends to use, for the ingestion, preparation, or packaging of illegal drugs."

The Attorney General does not "dispute" the minor's proposal to add "knowing" possession. However, the Attorney General "disagree[s]" with the minor's proposal to add the phrase "he intends to use." According to the Attorney General, the purpose of the probation condition is to "prevent possession of illegal drugs" and including the issue of intent "would, in essence, authorize [the minor's] knowing possession of illegal drugs that he does not 'intend to use.' "

In reply, the minor emphasizes that the probation condition at issue pertains to drug paraphernalia, whereas another probation condition imposed by the juvenile court already prohibits his use and possession of illegal drugs. According to the minor, "[t]he added intent is necessary to distinguish the innocent possession of items which have innocuous uses so that [he] is given fair notice as to what he can and cannot possess."

Based on the minor's proposed modification and in light of the Attorney General's concession concerning "knowing" possession, we will modify the probation condition to include an express knowledge requirement.

However, we are not persuaded by the minor's argument that the word "paraphernalia" should be modified. We have no reason to believe that the juvenile court intended the phrase "drug paraphernalia" to have anything other than its ordinary, usual, and commonly understood meaning of any item needed for or associated with drug use for other than legitimate medicinal purposes. (See Oxford English Dict. Online (2014) <http://www.oed.com/view/Entry/137567?redirectedFrom=paraphernalia#eid> [as of May 13, 2014] ["paraphernalia" includes "miscellaneous items needed for or associated with a particular activity"]; Oxford English Dict. Online (2013) <http://www.oed.com/view/Entry/57982?rskey=plYojB&result=1&isAdvanced=false#ei d> [as of May 13, 2014] ["drug" includes a "substance with intoxicating, stimulant, or narcotic effects used for cultural, recreational, or other non-medicinal purposes"]; *In re R.P.* (2009) 176 Cal.App.4th 562, 566 [probation condition "is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled' "].)

Further, regarding the minor's contention concerning "the innocent possession of items which have innocuous uses," the minor's possession of common items that have a legitimate purpose where the minor is actually unaware someone intends to use them as drug paraphernalia would not be a violation of the probation condition. We are not persuaded by the minor's contention that the probation condition must be further narrowed to prohibit his possession of drug paraphernalia that "*he* intends to use" for illegal drugs. The probation condition is aimed at the minor's knowing possession of drug paraphernalia, regardless of whether he personally intended to use a particular item as drug paraphernalia.

Accordingly, we will modify the probation condition to state as follows: "That said minor not knowingly be in possession of any item that he knows is drug paraphernalia."

### 4. No contact condition

Condition No. 28 states: "That said minor have no contact of any type with [the victim]."

The minor contends that this probation condition is unconstitutionally vague and overbroad because he could "inadvertently violate it by accidently coming into contact with the victim in everyday social situations, such as the grocery store." He requests that the condition be modified to state that he "not knowingly have contact" with the victim.

The Attorney General states that the contention has "merit" and "do[es] not dispute the proposed wording."

In light of the Attorney General's concession, we will modify the condition to state as follows: "That said minor not knowingly have contact of any type with" the victim.

### DISPOSITION

The disposition order of July 15, 2013 is reversed. On remand, the juvenile court shall exercise its discretion to declare whether the receiving a stolen motor vehicle offense (Pen. Code, § 496d; count 1) in the April 2013 petition and the vehicle theft offense (Veh. Code, § 10851, subd. (a); count 1) in the May 2013 petition are felonies or misdemeanors. The juvenile court shall also modify the probation conditions as follows.

Probation condition No. 5 shall be modified to read: "That said minor not knowingly be on or within 50 feet of any school campus unless enrolled or with prior administrative approval."

Probation condition No. 8 shall be modified to read: "That said minor not knowingly be in possession of any item that he knows is drug paraphernalia."

Probation condition No. 28 shall be modified to read: "That said minor not knowingly have contact of any type with" the victim.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.