Filed 10/31/14  P. v. Ugarte CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060087 |
| v. | (Super.Ct.No. RIF1301643) |
| LOUIE ANTHONY UGARTE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Affirmed as modified.

Alissa Bjerkhoel, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Louie Anthony Ugarte guilty of one count of burglary (Pen. Code, § 459; count 2).[1] Defendant thereafter admitted that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)). Defendant was sentenced to a three-year split sentence in county jail, with 16 months jail and 20 months mandatory supervision on various terms and conditions. On appeal, defendant challenges two of his mandatory supervision conditions. He claims that the conditions prohibiting him from frequenting places where alcoholic beverages are sold (term No. 5) and from possessing an incendiary device (term No. 17) are unconstitutionally vague and overbroad. We will modify defendant's challenged mandatory supervision conditions, but otherwise affirm the judgment.

I

FACTUAL BACKGROUND

On February 25, 2013, defendant and another man entered a Rite Aid store, went directly to the beer cooler, and then walked out of the store, each carrying a 30-pack of beer. The incident was recorded on the store's surveillance video.

Daniel Thomas, a Rite Aid asset protection officer, chased after defendant and told him to drop the beer. Thomas and Anthony Barone, a uniformed security officer, followed defendant to an apartment complex behind the store. While Thomas stayed outside the complex to speak with police, Barone followed defendant inside the gated

---

[1] The jury was deadlocked on a robbery (Pen. Code, § 211) count (count 1) and another count of burglary (count 3). The trial court later dismissed these counts in the interest of justice.

complex. After making a few turns within the apartment complex, defendant set the beer down and walked toward Barone. Defendant's hands were at his side and clenched in fists and he appeared angry. Barone retreated. Defendant repeatedly told Barone, " 'Go home. Go home. I'm gonna fuck you up.' " Once Barone was outside the apartment complex gate, defendant stared at him for a few seconds and then turned around and went back inside the complex.

## II

## DISCUSSION

As part of defendant's split sentence, the trial court imposed mandatory supervision terms including condition Nos. 5 and 17. Condition No. 5 states: "Do not consume alcoholic beverages; do not frequent places where it is the main item of sale." Condition No. 17, in relevant part, states: "Do not knowingly own, possess, have under your control or immediate access to any . . . incendiary device." Defendant claims that these terms and conditions must either be stricken or modified because they are unconstitutionally vague.

In 2011, the Criminal Justice Realignment Act changed the paradigm for the incarceration and post-conviction supervision of persons convicted of certain felony offenses. (Stats. 2011, ch. 15, § 1; see *People v. Cruz* (2012) 207 Cal.App.4th 664, 668 (*Cruz*).) Unlike parole, a felon participating in postrelease community supervision cannot be returned to prison for violation of his or her postrelease supervision agreement. (Pen. Code, § 3458.) Nor does the Department of Corrections and Rehabilitation have

3

jurisdiction over persons subject to postrelease community supervision. (Pen Code, § 3457.) Rather, the legislation "shifted responsibility for housing and supervising certain felons from the state to the individual counties. Thus, . . . once probation has been denied, felons who are eligible to be sentenced under realignment will serve their terms of imprisonment in local custody rather than state prison." (*Cruz, supra*, at p. 671, fn. omitted; see Pen. Code, § 1170, subd. (h).)

A trial court sentencing a defendant to county jail under Penal Code section 1170, subdivision (h), "has an alternative to a straight commitment to jail." (*Cruz, supra*, 207 Cal.App.4th at p. 671.) The court "can impose a hybrid sentence in which it suspends execution 'of a concluding portion of the term' and sets terms and conditions for mandatory supervision by the county probation officer. [Citation.]" (*Ibid.*) Specifically, Penal Code section 1170, subdivision (h)(5)(B)(i), provides that the court may commit a defendant to county jail "[f]or a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, *during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation*, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order." (Italics added.) This latter "portion of a defendant's sentenced term during which time he or she is supervised by the county

4

probation officer" is now known as "mandatory supervision."  (Pen. Code, § 1170, subd. (h)(5)(B)(ii).)

We note that although supervised release is to be monitored by county probation officers "in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation" (Pen. Code, § 1170, subd. (h)(5)(B)(i)), "this does not mean placing a defendant on mandatory supervision is the equivalent of granting probation or giving a conditional sentence.  Indeed, [Penal Code] section 1170, subdivision (h), comes into play only after probation has been denied."  (*People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422 (*Fandinola*), citing *Cruz*, *supra*, 207 Cal.App.4th at p. 671 [" 'once probation has been denied, felons who are eligible to be sentenced under realignment will serve their terms of imprisonment in local custody rather than state prison' "].)  Thus, a county jail commitment followed by mandatory supervision imposed under Penal Code section 1170, subdivision (h), is akin to a state prison commitment and not a grant of probation or a conditional sentence.  (*People v. Martinez* (2014) 226 Cal.App.4th 759, 763 [Fourth Dist., Div. Two] (*Martinez*), quoting *Fandinola*, *supra*, at p. 1422.)  Therefore, " 'mandatory supervision is more similar to parole than probation.' "  (*Martinez*, *supra*, at p. 763.)

The fundamental goals of parole are " 'to help individuals reintegrate into society as constructive individuals' [citation], ' "to end criminal careers through the rehabilitation of those convicted of crime" ' [citation] and to [help them] become self-supporting."  (*In re Stevens* (2004) 119 Cal.App.4th 1228, 1233)  In furtherance of these goals, "[t]he state

may impose any condition reasonably related to parole supervision." (*Ibid.*) These conditions "must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee." (*Id.* at p. 1234.)

The validity and reasonableness of parole conditions is analyzed under the same standard as that developed for probation conditions. (*In re Hudson* (2006) 143 Cal.App.4th 1, 9; *In re Stevens*, *supra*, 119 Cal.App.4th at p. 1233 ["[t]he criteria for assessing the constitutionality of conditions of probation also applies to conditions of parole"].) "A condition of [parole] will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of [parole] which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted, superseded on another ground by Proposition 8 as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-292; see *People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)

In general, the trial courts are given broad discretion in fashioning terms of supervised release, in order to foster the reformation and rehabilitation of the offender, while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Leon* (2010) 181 Cal.App.4th 943, 949 (*Leon*).) "The court's discretion, however, is not unlimited." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.) "[P]robation

6

conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth.  [Citation.]"  (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750.)  We apply the abuse of discretion standard of review when analyzing a trial court's decision to impose a particular term of probation.  (*Leon*, at p. 949.)  However, whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.)  The failure to object below that a condition is unconstitutionally overbroad or vague does not forfeit review of the issue on appeal.  (*Ibid.*; *People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1127 [Fourth Dist., Div. Two] (*Quiroz*).)  We will therefore consider defendant's challenge to the constitutionality of condition Nos. 5 and 17.

A.      *Condition No. 5*

Condition No. 5 of defendant's mandatory supervision states, "Do not consume alcoholic beverages; do not frequent places where it is the main item of sale."  Defendant contends that the foregoing condition is unconstitutionally vague and overbroad because it does not include a knowledge requirement and because the term "frequent" is unclear.  Defendant therefore requests the condition be modified.  The People support defendant's contention.  We agree.

"Given 'the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights,' the knowledge requirement in probation conditions 'should not be left to implication.'  [Citation.]"  (*Leon*, *supra*, 181 Cal.App.4th at p. 950.)  However, case law has drawn a distinction

7

with respect to conditions reinforcing penal statutes that forbid possession of certain items that are already subject to restriction.  For example, penal statutes prohibiting possession of firearms, ammunition and deadly weapons contain implicit knowledge elements.  Supervisory conditions reinforcing these statutes by prohibiting possession of weapons "contain[] those implicit scienter requirements, and due process does not require making them explicit."  (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 591 (*Rodriguez*); see *People v. Kim* (2011) 193 Cal.App.4th 836, 843-847 (*Kim*); *People v. Moore* (2012) 211 Cal.App.4th 1179, 1183-1189.)  *Kim* explained:  "[W]here a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute."  (*Kim*, *supra*, 193 Cal.App.4th at p. 843.)

However, there is no such implicit knowledge requirement with respect to the alcohol-related condition.  (See *Rodriguez*, *supra*, 222 Cal.App.4th at pp. 593-594.)  Absent this condition, it would not be illegal for defendant to consume an alcoholic beverage in his home or a bar.  This condition does not arise from or purport to implement any statutory prohibition.  Therefore, it is not possible to derive an implicit knowledge element by interpreting parallel statutory language.  (*Rodriguez*, *supra*, at pp. 591, 593-594.)  Consequently, we conclude that the alcohol-related condition must be modified to add a knowledge requirement.

We also agree with defendant that the word "frequent" renders the condition unconstitutionally vague, because "it is both obscure and has multiple meanings." (*Leon*, *supra*, 181 Cal.App.4th at p. 952; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1072.) Accordingly, as agreed by the parties, we will order condition No. 5 be modified to read as follows: "Do not knowingly consume alcoholic beverages; do not visit or remain in any specific location where you know, or a probation officer informs you, alcohol is the main or chief item of sale."

B.     *Condition No. 17*

Condition No. 17 of defendant's mandatory supervision reads, "Do not knowingly own, possess, have under your control or immediate access to any firearm, deadly weapon, ammunition, or weapon related paraphernalia or incendiary device." Defendant argues condition No. 17 is unconstitutionally vague or overbroad because the words "incendiary device" are left open to multiple interpretations and requests that we strike that portion or modify the condition to include the definition of incendiary device as contained in Penal Code section 453.

The People respond that defendant forfeited the claim the condition is invalid by failing to object below. We reject this claim because defendant is not challenging the validity of the condition, but on grounds of unconstitutional vagueness. As previously stated, the failure to object below that a condition is unconstitutionally overbroad or vague does not forfeit review of the issue on appeal. (*Quiroz*, *supra*, 199 Cal.App.4th at p. 1127.)

9

The People further argue that the term "incendiary device" has a specific meaning in the Penal Code, and therefore the term is not vague or overbroad. We disagree. The mere existence of a definition in the Penal Code is insufficient to cure an unconstitutionally vague or broad term. For example, in *People v. Lopez* (1998) 66 Cal.App.4th 615 (*Lopez*), the appellate court considered a probation condition that provided: " 'The defendant is not to be involved in any gang activities or associate with any gang members, nor wear or possess, any item of identified gang clothing, including: any item of clothing with gang insignia, moniker, color pattern, bandanas, jewelry with any gang significance, nor shall the defendant display any gang insignia, moniker, or other markings of gang significance on his/her person or property as may be identified by Law Enforcement or the Probation Officer.' " (*Id*. at p. 622.) The defendant challenged the probation condition on the basis that the condition was unconstitutionally vague. (*Id*. at p. 623.) The appellate court agreed, modifying the probation condition to include a definition of "gang." (*Id*. at p. 638.) The court noted that though the word "gang" certainly had "sinister implications," it also had "considerable benign connotations." (*Id*. at p. 631.)

To render the term "gang" constitutionally specific, the appellate court modified the probation condition to incorporate the definition of "gang" contained in Penal Code section 186.22, subdivisions (e) and (f). (*Lopez*, *supra*, 66 Cal.App.4th at p. 634.) So modified, the probation condition unambiguously notified the probationer about the conduct required of him, and ameliorated any due process concerns. (*Ibid*.)

10

As in *Lopez,* the term "incendiary device" is suspect to multiple interpretations. As defendant points out, incendiary devices could include items which both ignite and fuel fires, such as gasoline, matches, lighters, lighter fluid, fireworks, alcohol, matchbooks, gas stoves, ovens, fireplaces, camping stoves, and ignitable liquids. We note that the reasoning applied in *Rodriguez, supra*, 222 Cal.App.4th 578, and *Kim, supra*, 193 Cal.App.4th 836, does not extend to cure a defect with respect to the vagueness of a condition that lacks a clear definition of one of its key terms, "incendiary device." The holdings in *Rodriguez* and *Kim* are best understood as imputing a scienter requirement in a probation condition when the condition references or tracks a statute that includes an express scienter requirement. This is not the scenario presented in defendant's case. Here, the challenged condition does not specifically reference or track a statute that references a definition of "incendiary device." Without a clear definition of what is considered an "incendiary device," defendant could unknowingly violate the condition.

We therefore disagree with the People's position, and under the same rationale set forth by the appellate court in *Lopez*, and as suggested by the People in their alternative argument,[2] we will order the condition modified to include a provision that for the purposes of the condition the term "incendiary device" means as defined in Penal Code section 453, subdivisions (a) and (b).

---

[2] In the alternative, the People assert that assuming the condition is vague as written, the condition should be modified to refer to the definition of incendiary device contained in Penal Code section 453.

III

DISPOSITION

Mandatory supervision condition No. 5 is modified to read: "Do not knowingly consume alcoholic beverages; do not visit or remain in any specific location where you know, or a probation officer informs you, alcohol is the main or chief item of sale."

Mandatory supervision condition No. 17 is modified to read: "Do not knowingly own, possess, have under your control or immediate access to any firearm, deadly weapon, ammunition or weapon related paraphernalia or incendiary device as defined in Penal Code section 453, subdivisions (a) and (b)."

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


RICHLI
J.

12