Filed 11/21/22 P. v. Castillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DIEGO CASTILLO,<br><br>    Defendant and Appellant. | H049829<br>(Monterey County<br>Super. Ct. No. 21CR004365) |

Diego Castillo pleaded no contest to one count of felony assault and one count of misdemeanor grand theft. In exchange, he was sentenced to two years of formal probation including various gang-related conditions.

On appeal, Castillo argues the trial court abused its discretion under Penal Code section 1203.1[1] by imposing the gang-related conditions because they are not reasonably related to his future criminality, pursuant to *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). Alternatively, he argues that the condition precluding him from being present at certain gang-related criminal court proceedings is overbroad and he asks this court to modify it.

We determine that the trial court did not abuse its discretion by imposing the gang-related conditions. However, we agree with Castillo that the condition regarding his presence at gang-related criminal court proceedings is unconstitutionally overbroad.

Accordingly, we modify the probation order. As modified, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 6, 2021, Salinas Police responded to a report of an armed robbery outside a convenience store. The victim informed police that he was sitting in his parked vehicle with the window down when he heard a bottle break behind him. A man later identified as Castillo then struck the vehicle with a metal pipe, informed the victim that he had a gun, and demanded all of his money. He took $29 from the victim and fled. Police soon located Castillo hiding in a parked truck with $29 in cash, and detained him.

On December 3, 2021, Castillo was charged by first amended information with one count of second-degree robbery (§ 211), one count of assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), and one count of grand theft from the person (§ 487, subd. (c)).

Castillo pleaded no contest to counts 2 and 3, in exchange for felony probation.

## A. *Probation report*

The probation report recommended imposition of 34 conditions, including six specific gang-related conditions. According to the underlying police report, Castillo was quoted as admitting his Norteño gang affiliation. The police also noted Castillo's attire "to be heavily gang related." During the interview with probation, Castillo denied any gang affiliation and claimed the police must have made assumptions.

However, during the same interview, Castillo "divulged being placed on full gang terms as a juvenile," and "probation had him documented as an active *Sureño* gang member." Castillo denied that he had any personal Sureño affiliation, but acknowledged that his family has ties to the group. Monterey County jail records indicate that Castillo and his family are Sureño associates.

The probation report also stated that on August 29, 2021, Castillo participated in a group assault on another inmate while housed in the Monterey County jail. Castillo was ultimately tased due to his refusal to stop fighting. He claimed he was acting in self-defense and did not discuss the incident in detail. The probation report stated that

2

Castillo's "decision to participate in a group assault, coupled with his previously documented affiliations suggests [he] is actively engaged in the gang lifestyle."

### B. Gang-related probation conditions

The trial court imposed all 34 recommended probation conditions, which included the general mandates that Castillo "obey all laws" and "not commit same or similar offense," as well as the following gang-related conditions:

"26. Not visit or remain in any known gang-gathering area. (The term 'gang' in these conditions refers to 'criminal street gang as' defined in PC § 186.22.)

"27. Not associate with any individuals who are gang members, or illegal drug users, who are on any form of probation, mandatory supervision, post release community supervision, or parole supervision.

"28. Not possess, wear, use or display any item associated with membership or affiliation in a gang, including, but not limited to, any insignia, emblem, button, badge, cap, hat, scarf, bandanna, or any article of clothing, hand sign, or paraphernalia including the color blue.

"29. Do not obtain any new tattooing upon your person while on probation supervision. You shall permit photographing of any tattoos on your person by law enforcement.

"30. Not go upon the premises of any local or state correctional facility for the duration of the probationary term.

"31. You shall not be present at any criminal court proceeding where a member of a criminal street gang is present or where the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer."

Castillo objected to these conditions at the sentencing hearing, arguing that "there is nothing about the nature of this case that would indicate that gang terms are

3

appropriate [because] [i]t is not a gang-related offense at all . . . so based on that lack of nexus, we would ask those terms not be imposed."

The trial court determined the conditions were justified under *Lent.* The court stated: "although the offense that [Castillo] is currently being placed on probation for may not have had a gang-related motivation, that is only one aspect of the [*Lent*] test. [¶] The Court finds that the prong under [*Lent*] to prevent future criminal conduct is a basis given this particular defendant's prior personal history and to include apparently the jail fight that he had in August, to include the fact that jail records indicate that him being a Sureño associate. [¶] Also, noting he, at one point according to the police officer's report, admitted associating with Norteño, although I understand he has denied having now made that statement to the police officer. [¶] The Court does find that those facts in addition to the other facts that were listed on page 10 do support the gang terms in order to prevent future criminal conduct. And that is a very individualized determination, what the Court is making."

Castillo was formally sentenced on January 5, 2022. He then timely appealed.

## II. DISCUSSION

### A. *Applicable law and standard of review*

Section 1203.1 authorizes a sentencing court to " 'impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 (*Carbajal*), quoting § 1203.1, subd. (j).)

A trial court has broad discretion pursuant to section 1203.1 to impose probation conditions to advance various legitimate purposes including public safety and rehabilitation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) If it "serves these dual purposes, a probation condition may impinge upon a constitutional right otherwise

4

enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*), quoting *People v. Peck* (1996) 52 Cal.App.4th 351, 362.)

A court's discretion, though, "is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted Penal Code section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Carbajal*, *supra*, 10 Cal.4th at p. 1121, quoting *Lent*, *supra*, 15 Cal.3d at p. 486.)

We review probation conditions for abuse of discretion. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118.) "Specifically, we review a probation condition 'for an indication that the condition is "arbitrary or capricious" or otherwise exceeds the bounds of reason under the circumstances.' " (*Ibid.*) Under the test established in *Lent*, a reviewing court may not strike a probation condition as unreasonable unless it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*Ibid.*; *Lent*, *supra*, 15 Cal.3d at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a . . . term." (*Olguin*, *supra*, 45 Cal.4th at p. 379.)

The third *Lent* prong requires a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) A court "imposing such a condition must consider whether, in light of 'the facts and circumstances in each case' [citation], the burdens imposed by the condition are proportional to achieving some legitimate end of probation." (*Id.* at p. 1127.)

## B. *The trial court did not abuse its discretion imposing the gang-related probation conditions*

Castillo argues the gang conditions are not reasonably related to future criminality.[2]  Specifically, he claims the evidence presented to the trial court "does not establish that [he] was a member of a particular street gang."  Instead, he argues, the probation report contained contradictory evidence that Castillo was both a Norteño and a Sureño, "which is impossible, seeing as these gangs are legendary rivals."  (See, e.g., *People v. Valdez* (1997) 58 Cal.App.4th 494, 502 [expert testimony regarding Norteños and Sureños as rival gangs].)

According to Castillo, because the evidence was contradictory, it "failed to demonstrate he was a member of a specific gang," so that "there is merely an abstract or, at the most, hypothetical relationship between the gang probation conditions and preventing future criminality."

It is true that the probation report included information showing Castillo's association with both rival gangs.  According to the report, Castillo admitted to associating with Norteño gang members and also acknowledged that his family has ties to the Sureños.  In addition, Monterey County jail records indicate that Castillo and his family are Sureño associates.

Castillo seems to imply—albeit without expressly making the argument—that the allegedly contradictory nature of the information undermines its reliability, so it was an abuse of discretion for the trial court to rely on any of it.  First, though, the information is not necessarily contradictory.  Contrary to how Castillo characterizes it, the probation report does not document him as "being both a Norteño and a Sureño."  Instead, it reports

---

[2] The People do not dispute Castillo's argument that the gang conditions satisfy the first two prongs of the *Lent* test and we agree.  The conditions have no relationship to the offenses to which Castillo pleaded no contest in the trial court, and they relate to conduct that is not inherently criminal in itself. (See *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130.)  Accordingly, we address only the third *Lent* prong.

that he admitted to *associating with* Norteño gang members and acknowledged that *his family has ties* to the Sureños. Although they are rival gangs, such associations are not "impossible," and it is not inconceivable that an individual might switch gang affiliations.

Second, and more importantly, the trial court relied chiefly on the other evidence in the probation report of Castillo's gang affiliation. For instance, it emphasized Castillo's prior personal history, the jail fight, and the jail records showing him to be a Sureño associate. In addition, the court pointed to the portion of the probation report noting that (1) Castillo acknowledged he was placed on full gang terms as an active Sureño street gang member as a juvenile, and (2) he was "dressed in several gang related articles of clothing" at the time of his arrest.

Castillo also objects to the probation officer's statement that Castillo's "decision to participate in a group assault, coupled with his previously documented affiliations suggests [he] is actively engaged in the gang lifestyle." According to Castillo, that is "pure speculation on the part of the probation officer, where [Castillo] 'was adamant he was acting out of self-defense. . . .' " Castillo argues that the probation report contains "no details" showing that the assault was gang related.

However, the probation report did not rely solely on Castillo's participation in the group assault in jail; instead, it was "coupled with his previously documented affiliations" and other indicia of gang involvement. Consequently, we do not view the statement as "pure speculation."

In light of the information contained in the probation report, we find that the gang-related conditions reasonably relate to Castillo's future criminality. (*Lent*, *supra*, 15 Cal.3d at p. 486.) In addition, they contain a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition." (*In re Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.)

The conditions preclude Castillo from visiting or remaining in any known gang-gathering area, associating with gang members, wearing items associated with gang

7

membership, obtaining tattoos while on probation, entering correctional facilities during probation, and being present at any criminal proceeding involving a criminal street gang, subject to specified exceptions.

The trial court properly based these conditions on the information contained in the probation report that raised concerns about future criminality. (*Lopez, supra*, 66 Cal.App.4th at p. 626 [prevention of future criminality was served by prohibitions because they "insured [the defendant] would not be present at confrontational situations between rival gangs; hostility among different gangs is often an underlying cause of criminal activity"; "restriction on the display of gang indicia was reasonable because it removed from [the defendant] the visible reminders of his past gang connection"].)

In sum, the imposed gang-related conditions promote section 1203.1's goals of rehabilitation and public safety by forbidding conduct reasonably related to future criminality. (*Lopez, supra*, 66 Cal.App.4th at p. 626.)

### C. *The probation condition precluding attendance at gang-related criminal proceedings is unconstitutionally overbroad*

As noted above, condition No. 31 provides: "You shall not be present at any criminal court proceeding where a member of a criminal street gang is present or where the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer."

Castillo argues this condition "should be modified, as it constitutes an overbroad restriction of [his] first amendment guarantee of access to court proceedings." He notes that "a general ban on being present at any courthouse or court proceeding, except when scheduled for a hearing or subpoenaed as a witness, may impinge upon a host of constitutional rights," and that the general public's right to attend criminal trials "is implicit in the guarantees of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech

8

and of the press could be eviscerated." (*People v. Leon* (2010) 181 Cal.App.4th 943, 952 (*Leon*).)

Castillo requests that we order modification of condition No. 31 to include an exception where he "or a member of his immediate family is a victim of the activity charged in the case [or] a party's attorney has asked [him] to testify or speak to the court."

We review constitutional challenges to probation conditions de novo. (*People v. Salvador* (2022) 83 Cal.App.5th 57, 63; *People v. Appleton* (2016) 245 Cal.App.4th 717, 723.) A probation condition " 'that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad.' " (*Salvador*, *supra*, at pp. 62-63, quoting *In re Sheena K.* (2007) 40 Cal.4th 875, 890.) " 'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.' " (*Salvador*, *supra*, at p. 63, quoting *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

Castillo analogizes to *Leon* and *E.O.* In *Leon*, the defendant challenged a probation condition that prohibited him from appearing at " 'any court proceeding' " unless he was a party, subpoenaed as a witness, or had the permission of the probation officer. (*Leon*, *supra*, 181 Cal.App.4th at p. 952.) He argued the condition was an overbroad restriction of his First Amendment right of access to court proceedings and asked this court to strike or modify the condition so that it referred to court proceedings involving gang members only. (*Ibid*.) This court found the condition overbroad, stating that "[t]here can be a variety of legitimate reasons for being at a court proceeding, other than to intimidate or threaten a party or witness. For example, defendant may need to file a document regarding a family matter or he may, as a member of the public, wish to

9

observe a newsworthy trial not involving a gang member or himself." (*Id.* at p. 953.) Accordingly, this court narrowed the restriction on appearing at court proceedings to only those proceedings " 'concern[ing] a member of a criminal street gang' " or in which " 'a member of a criminal street gang is present.' " (*Id.* at p. 954.)

The condition at issue here is distinct from the one in *Leon* because it is already narrowly tailored to apply to criminal street gang-related proceedings only. In fact, the condition imposed here closely resembles the modified condition in *Leon*.

We find *E.O.* more helpful to Castillo's argument. In that case, the defendant, a minor, challenged a condition that precluded him from coming within 25 feet of a courthouse when he " 'knows there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer.' " (*E.O.*, *supra*, 188 Cal.App.4th at p. 1152.)

This court explained that "the prohibition on being *near a building* in which gang-related proceedings are known to be underway would prevent appellant not only from attending a gang-related trial but also from attending other proceedings in the same, and perhaps adjacent, buildings, or indeed from entering such a building for any reason, other than as a party or witness, without his probation officer's permission, unless he 'needs' to enter for 'a legitimate purpose.' " (*E.O.*, *supra*, 188 Cal.App.4th at p. 1155.) The condition therefore interfered with the defendant's "specific right under the state Constitution to attend and participate in court proceedings if he or a family member is a victim of a crime" and that it "would also prevent [the defendant] from testifying voluntarily or addressing the court in a setting, such as a sentencing hearing, where comments from members of the public might be received." (*Ibid.*) Accordingly, this court held the condition to be overbroad. (*Id.* at p. 1157.)

10

Castillo argues that condition No. 31 similarly "lacks an exception for him to attend and participate in court proceedings if he or a family member is a victim of a crime." Although condition No. 31 is distinct from the condition in *E.O.* because it does not preclude Castillo from coming within a certain distance of a courthouse, we nevertheless agree that the condition is unconstitutionally overbroad because it precludes Castillo from participating in court proceedings where he or an immediate family member is a victim of a crime. As this court explained in *E.O.*, the state Constitution provides the right to attend and participate in court proceedings if an individual or his or her family member is a victim of a crime. (See Cal. Const., art. I, § 28, subd. (b)(7); see *id.*, subd. (e).) Here, condition No. 31 interferes with these rights. (*E.O.*, *supra*, 188 Cal.App.4th at p. 1155.)

As we have noted, a probation condition may impinge upon a probationer's constitutional rights. (*Lopez*, *supra*, 66 Cal.App.4th at p. 624.) However, any such condition "must be carefully tailored and 'reasonably related to the compelling state interest' in reforming and rehabilitating the defendant." (*People v. Jungers* (2005) 127 Cal.App.4th 698, 704.)

The People argue that condition No. 31 is carefully tailored and reasonably relates to the compelling state interests of rehabilitating Castillo "by limiting his gang association and of preventing witness intimidation at court proceedings." They seek to distinguish *E.O.* on the basis that "in the limited situations in which condition No. 31 may prevent appellant from attending a court proceeding where he or a family member are victims of a crime, the condition only requires him to seek permission from his probation officer." If, as the People state, the objective of the condition is to prevent witness intimidation, they have not demonstrated that a condition that prohibits Castillo from being present at gang-related criminal court proceedings where he or an immediate family member is a victim is narrowly tailored to that objective. To the extent there is a concern that Castillo would be inclined to use such exceptions as an opportunity to

11

engage in gang association or witness intimidation, the other approved probation conditions proscribe both general and gang-related conduct (e.g., obey all laws; do not commit a similar offense, associate with gang members, or possess/wear/display gang paraphernalia, etc.). For example, any attempt to intimidate a witness at any court proceeding which involves him or a family member as a victim would be a violation of the probation condition to "obey all laws."[3]

The People also argue that the condition is narrowly tailored to its objective because Castillo "need only seek permission from his probation officer" to be present at gang-related criminal proceedings where he or an immediate family member is a victim. But the requirement that he obtain such permission operates as a restriction on Castillo's constitutional rights, one that we do not believe is necessary to achieve the objective of the condition.[4]

## III.  DISPOSITION

The probation order is hereby modified. Probation condition No. 31 shall read as follows: "You shall not be present at any criminal court proceeding where a member of a criminal street gang is present or where the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you or a member of your immediate family is a victim of the activity charged in the case, you are

---

[3] Section 136.1, subdivision (a), makes it a crime to "(1) Knowingly and maliciously prevent[] or dissuade[] any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law [or] (2) Knowingly and maliciously attempt[] to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law." (§ 136.1, subd. (a)(1), (2).)

[4] Castillo suggests that we further modify condition No. 31 to include an exception where "a party's attorney has asked you to testify or speak to the court." We deny the request because Castillo has not articulated any basis for the modification and because condition No. 31 already provides an exception where Castillo is subpoenaed as a witness.

subpoenaed as a witness, or you have the prior permission of your probation officer." As modified, the order is affirmed.

_____
                        Wilson, J.

WE CONCUR:

_____
              Bamattre-Manoukian, Acting P.J.

_____
              Danner, J.

People v. Castillo
H049829